Harold Tessler, J.
In this separation action, plaintiff moves for alimony pendente lite.
The defendant’s salary is a matter of public record; $22,500 per annum, or $1,875 monthly. After various deductions, this results in net weekly earnings of $321. Defendant admits an additional income from a mortgage investment of $1,200 per annum and states that he expects to receive a substantial sum of money in the future from legal matters he handled before *696 leaving the practice of the law; neither the precise amount nor time of payment being presently determinable. These are the only specifics in the papers before me relating to the defendant’s actual income and financial means. Plaintiff’s affidavits are not very helpful in this regard. She offers such generalities as ‘ ‘ My husband has large realty holdings which give him a large income. When he left the firm to take the federal judgeship, he made arrangements * * * over the next five years
to collect the fees that were due to him on work prior to his appointment.” And again “ it is somewhat of an affront to the intelligence of the court to suggest as he (defendant) does that alimony ‘ should be based on the weekly gross salary of $432.70 or the weekly net salary of $320.90. ’ It should more properly be based on the figure of $100,000 which more closely approximates his true income.”
The intelligence of this court and the controlling principles of law dictate the belief that the temporary alimony sought herein must be predicated on the hard facts and the probabilities as disclosed in the papers and not on conclusory statements and mere generalities. To do otherwise would be to disregard the basics and fundamentals regarding the origin, nature and purpose of alimony pendente lite. The most informative discussion on the nature and purpose of temporary alimony is found in Haas v. Haas (271 App. Div. 107, 109), where the court stated: “ The legislative declaration of public policy is contained in section 1169 of the Civil Practice Act. That public policy requires, in the specified instances, that support pendente lite be given to a wife, that is, pending the determination of her claim to permanent support, which arises from the marriage status, if the court finds a condition of necessity exists for the awarding of such temporary support. An atvard of temporary alimony rests on and grows out of a showing of necessity. The award is not in the nature of a judgment; it is merely a temporary provision resting on public policy which exacts support from the husband pending a determination of conflicting contentions respecting permanent support.” (Italics mine.)
Consideration must be given to such factors as the husband’s ability to pay, the wife’s needs, and the rank and condition in life of both. “ In coming to a conclusion as to the amount of alimony, the station in life of the husband, his means as shown by the testimony, including his expenditures, and his apparent condition, should be the criterion as to the proper amount necessary to give the wife suitable support, it being remembered that such suitable support is not simply what will supply her with the bare necessaries of life, but {such a sum as will keep *697 her in the situation and condition in which her husband’s means entitle her to live.” (Patterson v. Patterson, 4 App. Div. 146, 148; see, also, Conklin v. Conklin, 186 N. Y. S. 191; Romaine v. Chauncey, 129 N. Y. 566; Judd v. Judd, 1 Misc 2d 965.)
In making an award of temporary alimony in this case, the court is also mindful of the sound principle enunciated in Guenther v. Jacobs (44 Wis. 354, 355) on the subject of alimony: “ it is an allowance for the nourishment of the wife, resting in discretion, variable and revocable. It is, therefore, essentially temporary, conditional and dependent.” Defendant is directed to pay to the plaintiff the sum of $170 weekly for her support.