*341 OPINION OF THE COURT
Bernard F. McCaffrey, J.
On July 17, 1989, Governor Cuomo signed into law the Child Support Standards Act, effective September 15, 1989. This law adopts specific numerical guidelines to be applied in determining child support based upon the percentage of the parties’ combined gross income and number of children. (See, L 1989, ch 567.)
The most immediate issue to be resolved under the Act is the statute’s effect upon the well-established procedure for the issuance of pendente lite orders for temporary support.
The catalyst for the Child Support Standards Act was the Federal Government’s enactment of the Family Support Act of 1988 which required each State to establish numeric guidelines to be employed in any action or proceeding involving a determination of child support. Failure to comply with this mandate would have resulted in the withholding of approximately $130 million in reimbursement funding for the Aid to Dependent Children program.
Pursuant to Domestic Relations Law §236 (B) (7) and the newly enacted section 240 (1-b), in any matrimonial action or independent action for child support, the court shall award a designated percentage of the parties’ combined parental income. The percentages to be applied to the initial $80,000 are: 17% for one child; 25% for two children; 29% for three children; 31% for four children, and not less than 35% for five or more children. If the court finds that application of the guidelines would be "unjust or inappropriate” it may deviate from the statutory standards and award an amount it finds just and appropriate; however, the court’s findings and the factors considered must be set forth in a written order. The parties may "opt-out” of the statutory requirements. When the combined parental income exceeds $80,000, the court must determine the amount of additional support by considering the discretionary factors and/or the statutory percentages.
The provisions of the Child Support Standards Act are also applicable whenever the court finds that circumstances warrant a modification of support.
The court notes that the child support guidelines apply to both temporary and final orders. However, the court need not and, in this court’s opinion, should not apply the child support standards to a pendente lite support order unless it has before *342 it sufficient convincing financial and other data to determine the parties’ gross income as defined in the statute.
At the outset the court notes that the hallmark of a meaningful appropriate pendente lite support order is its expeditious determination. Even the most cursory review of the Child Support Standards Act reveals that its provisions are complex and will, at a minimum, require the submission of extensive financial affidavits and other data. In too many instances these disputed issues will impede and delay the expeditious determination of pendente lite support motions and may necessitate additional time-consuming and costly hearings.
Traditionally, in pendente lite awards the court considers the financial needs of the moving party, as well as the ability of the other spouse to provide for the family to live during the pendency of the action in such manner as is consistent the parties’ standard of living. (Jorgensen v Jorgensen, 86 AD2d 861; Fagelbaum v Fagelbaum, 115 AD2d 454; Van Ess v Van Ess, 100 AD2d 848.) An award of temporary maintenance and support is strictly statutory, and not in the nature of a judgment, but merely a temporary provision resting on public policy which exacts support from a spouse pending determination of contentions respecting permanent support. (Mishler v Mishler, 31 Misc 2d 695; Steinberg v Steinberg, 46 AD2d 684, affd 36 NY2d 690; Surut v Surut, 191 App Div 570.)
As previously noted, the child support statutory guidelines apply to both temporary and permanent support orders.
However, the new act anticipates and provides for those occasions when inadequate or insufficient information is provided to determine the parties’ gross income. Specifically, section 240 (1-b) (k) states that, ”[w]hen a party has defaulted and/or the court is otherwise presented with insufficient evidence to determine gross income, the court shall order child support based upon the needs or standard of living of the child, whichever is greater.” It remains a fundamental precept of all support actions or proceedings, therefore, that an absence of available information, or a party’s default will not delay an award of necessary support. Indeed, section 236 (B) (7) has been amended to include a mandatory provision that, "[t]he court shall make an order for temporary child support notwithstanding that information with respect to income and assets of either or both parents may be unavailable.”
For example, on the present set of facts this is illustrated by *343 the wholly contradictory information submitted with respect to plaintiffs income. A similar dispute exists with respect to defendant’s health and her ability to be self-supporting. More specifically, she classifies herself as a recovering alcoholic who has never been able to obtain full-time employment. In addition, as the children’s primary caretaker her time is allegedly restricted by the need of she and the children to attend therapy. In direct contrast, plaintiff contends that defendant is fully capable of working full time citing her participation with various voluntary committees and organizations. Furthermore, the circumstances surrounding plaintiff’s departure from the martial residence and the parties’ respective allegations concerning the wasteful dissipation of marital assets remain at issue.
An appropriate determination with respect to these and possibly other ancillary issues would ordinarily necessitate the scheduling of extensive, and perhaps repetitive, evidentiary hearings. This is plainly inconsistent with both the nature and purpose of the pendente lite award and would necessarily result in a cessation of this chamber’s practice of issuing pendente lite decisions within approximately 14 days of submission, and would in many instances also impede courts from rendering decisions on pendente lite applications within the 30-day mandate of 22 NYCRR 202.16 (g) (5).
It would, therefore, be wholly inappropriate to delay the awarding of allegedly essential child support in this instance to allow for an extended hearing on these issues.
Therefore, based upon the conflicting facts and lack of submission of the requisite financial data this court determines that, in the interests of justice, it is making this pendente lite support award in accordance with the principles for the award of pendente lite relief, rather than in strict accordance with the formula and provisions of the Child Support Standards Act.
Accordingly, upon a review of the existing data, the plaintiff is directed to pay the sum of $40 per week as child support for each of the parties’ three infant issue, for a total of $120 per week in child support, subject to a subsequent retroactive modification, if appropriate, and is further directed to continue payment of the carrying charges on the marital residence and related expenses as delineated in the accompanying short form order.
The court notes that the defendant, the moving party, is *344 earning approximately $96 per week as a part-time employee, therefore, no maintenance is awarded.
The court further notes, however, that, in addition to setting a specific dollar award for child support, the plaintiff has been directed to continue payment of the carrying charges on the marital premises without specifically designating what portion of these payments constitutes child support.
It is of further significance that the statute only provides for a retroactive upward modification in those instances where the court issues a pendente lite order without having before it the sufficient financial data to determine gross income of the parties based upon the guidelines of the Child Support Standards Act. Thus, both the court and counsel should be guided accordingly lest a precipitous determination of a temporary support order results in an inequitable determination to the paying spouse. (Domestic Relations Law § 240 [1-b] [k].)
Therefore, in any subsequent application for an upward modification of child support, plaintiff is granted leave to apply for a credit for those portions of the carrying charges against any retroactive arrears of increased child support.