■ EMILY RIZZO, Respondent, v JAMES J. RIZZO, Appellant. —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about February 8, 1990, which, *inter alia,* directed defendant husband to pay $400 per week in pendente lite child support, is unanimously affirmed, without costs.

Plaintiff wife in this action for divorce moved for an order granting pendente lite child support and payment of a portion of all nonreimbursed medical and educational expenses for the infant issue of the marriage, born in 1973. In his affidavit in opposition, defendant husband essentially conceded the accu-

racy of the financial information provided in the wife's moving papers. Thus, the court had before it financial information which was undisputed, and it was upon this data that the court determined its pendente lite award. On appeal, the husband urges that it was unjust and inappropriate for the court to have applied the child support guidelines established by the Child Support Standards Act (eff Sept. 15, 1989; Domestic Relations Law § 240 [1-b]) in making its ruling on temporary child support.

Pursuant to Domestic Relations Law § 236 (B) (7) (a), as added by the new legislation, where information with respect to the income and assets of both parents is available, "the court may make an order for temporary child support pursuant to section two hundred forty of this article." As this language indicates, and as both parties agree, the application of the Domestic Relations Law § 240 (1-b) guidelines, and the consideration of the factors set forth in Domestic Relations Law § 240 (1-b) (f), are not mandatory on a pendente lite motion. It is, however, within the court's statutory authority to be guided thereby, and this is being done with increasing frequency. *(See, e.g., Langone v Langone,* 145 Misc 2d 340; *James v James,* index No. 60025/90, Sup Ct, NY County [unpublished]; *Lazarus v Lazarus,* index No. 65949/89, Sup Ct, NY County [unpublished]; *DeArakie v DeArakie,* index No. 78833/87, Sup Ct, NY County [unpublished].)

Upon examination of the record before us, we conclude that the court did not err or abuse its discretion in employing the child support guidelines to determine the parties' respective obligations. The court's analysis was fair, balanced, and reasonable, and it took into account the parties' respective financial circumstances, as well as aspects of their life-styles. Accordingly, we find no reason to disturb the temporary child support award of $400 per week or the court's determination with respect to medical, dental, and educational expenses. *(See, Scheuer v Scheuer,* 144 AD2d 225.) Concur—Murphy, P. J., Ross, Milonas, Kassal and Wallach, JJ.