■ DONALD DELDUCA, Respondent, v HEATHER A. DELDUCA, Appellant. [758 NYS2d 145] —In an action for a divorce and ancillary relief, the defendant wife appeals from so much of an order of the Supreme Court, Suffolk County (Kent, J.), dated February 7, 2002, as denied her motion for pendente lite maintenance, payment of carrying charges on the marital residence, child support, an interim counsel fee, and temporary custody of the parties' child.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was for an interim counsel fee, and substituting therefor a provision granting that branch of the motion and awarding the defendant an interim counsel fee in the sum of $16,500; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly denied the defendant's request for pendente lite maintenance and the payment of carrying charges on the marital residence. When interpreting a contract, such as the parties' antenuptial agreement, the document must

be read as a whole to determine the parties' intent, giving a practical interpretation to the language employed so that the parties' reasonable expectations are realized (*see Gonzalez v Norrito,* 256 AD2d 440 [1998]). Contrary to the defendant's contention, the parties' antenuptial agreement clearly precluded an award of spousal support pendente lite (*see Valente v Valente,* 269 AD2d 389 [2000]).

However, the Supreme Court erred in denying that branch of the defendant's motion which was for an interim counsel fee. The parties' antenuptial agreement only precludes the award of a counsel fee "in the event [the parties'] marriage is terminated." Since the parties' marriage has not been terminated, the agreement does not preclude the award of an interim counsel fee. In light of the significant disparity in the financial circumstances of the parties, and since it appears that the litigation will be protracted, an award of an interim counsel fee to the defendant is warranted (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879 [1987]; *Celauro v Celauro,* 257 AD2d 588 [1999]).

Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying those branches of the defendant's motion which were for child support and temporary custody of the parties' child. Florio, J.P., Krausman, Townes and Crane, JJ., concur.