■ KENNETH CRON, Respondent, v LISA S. CRON, Appellant. [780 NYS2d 121]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered October 17, 2003, which granted plaintiff's motion to confirm and denied defendant's cross motion to reject the report of the Special Referee, dated June 2, 2003, which recommended that the parties' prenuptial agreement be found valid, except for its child support provisions, and found that the agreement's maintenance waiver is not unconscionable, even when evaluated in light of present circumstances, unanimously modified, on the law and the facts, to grant the cross motion insofar as to rescind article VIII (8) of the prenuptial agreement and to increase the amount of defendant's reasonable housing needs to $2 million, and otherwise affirmed, without costs, and the matter remanded for a determination of the remaining outstanding financial issues.

Defendant, in seeking rescission of the parties' prenuptial agreement, failed to carry her burden to demonstrate that the agreement was the product of fraud, duress or other inequitable conduct (*see Matter of Greiff*, 92 NY2d 341, 344 [1998]). Indeed, the record demonstrates that defendant was aware of plaintiff's earnings and substantial financial assets but nonetheless chose to sign the agreement, notwithstanding the contrary advice of her attorney, who represented her interests in a highly competent manner (*see Costanza v Costanza*, 199 AD2d 988, 989-990 [1993]).

While the agreement's child support provisions are concededly invalid, its remaining provisions, which are expressly severable, are not therefore subject to rescission (*see Christian v Christian*, 42 NY2d 63, 73 [1977]), but must be separately assessed. Although defendant's waiver of maintenance does not place her in danger of becoming a public charge and, accordingly, is not unconscionable (*see Bloomfield v Bloomfield*, 97 NY2d 188, 194 [2001]; General Obligations Law § 5-311), the agreement's housing provisions, when considered in light of defendant's current responsibilities as a custodial parent of two grade-school age children (*see* Domestic Relations Law § 236 [B] [3]) who have been raised in luxurious accommodations and attend school in an affluent community on Long Island's North Shore, are plainly inequitable.

In view of the overwhelming need to maintain a sense of continuity in the children's lives, including defendant's need to live in close proximity to the children's school, and the sharp rise in real estate values in that area since the 13-year-old prenuptial agreement was executed, there is virtually no prospect that defendant will be able to find suitable housing within the $200,000 cap imposed by the prenuptial agreement. Accordingly, we modify to increase the amount of defendant's reasonable housing needs to $2 million. In light of defendant's meager resources and in order to maintain the children in the community in which they have lived all their lives, plaintiff is directed to maintain the home until the children are emancipated or have moved elsewhere. Pursuant to the agreement, title to the home will be in the plaintiff's name and may not be sold until the above-described emancipation event occurs.

We note as well that defendant has been out of the work force, at plaintiff's insistence, since the birth of the parties' first child, over 10 years ago, while plaintiff earns approximately $4 million a year and has assets of over $30 million. Under the circumstances, equity's intervention is warranted.

We have reviewed defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, Ellerin and Lerner, JJ.