■ DEIRDRE WOODFORD, Respondent, v PAUL WOODFORD, Appellant. [955 NYS2d 355]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Suffolk County (Quinn, J.), dated July 15, 2011, as granted that branch of the plaintiff's motion which was for pendente lite relief to the extent of directing him to pay the plaintiff both temporary maintenance and 100% of certain carrying charges on the marital residence, and an interim counsel fee, and (2) so much of an order of the same court dated February 3, 2012, as denied that branch of his motion which was, in effect, to vacate so much of the order dated July 15, 2011, as directed him to pay the plaintiff an interim counsel fee, and granted that branch of his motion which was to modify certain provisions of that order only to the extent of temporarily suspending his obligation to pay the plaintiff temporary maintenance and 100% of certain carrying charges on the marital residence.

Ordered that the appeal from so much of the order dated February 3, 2012, as granted that branch the defendant's motion which was to modify certain provisions of the order dated July 15, 2011, only to the extent of temporarily suspending his obligation to pay the plaintiff temporary maintenance and 100% of certain carrying charges on the marital residence is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated July 15, 2011; and it is further,

Ordered that the order dated July 15, 2011, is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for pendente lite relief to the extent of directing the defendant to pay the plaintiff both temporary maintenance and 100% of certain carrying charges on the marital residence; as so modified, the order dated July 15, 2011, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination pursuant to Domestic Relations Law § 236 (B) (5-a) of those branches of the plaintiff's motion which were for pendente lite relief as to maintenance and payment of the carrying charges on the marital residence; and it is further,

Ordered that the order dated February 3, 2012, is affirmed insofar as reviewed, without costs or disbursements.

Domestic Relations Law § 236 (B) (5-a) sets forth formulas for the courts to apply to the parties' reported income in order to determine the presumptively correct amount of temporary

maintenance. Domestic Relations Law § 236 (B) (5-a) also provides that any deviation from the result of the statutory formulas should be explained by the court (*see* Domestic Relations Law § 236 [B] [5-a] [e] [1]). In an order dated July 15, 2011, the Supreme Court, inter alia, applied the statutory formulas in Domestic Relations Law § 236 (B) (5-a) and granted the plaintiff's motion for pendente lite relief to the extent of directing the defendant to pay the plaintiff temporary maintenance. In addition, the court directed the defendant to pay the plaintiff 100% of certain carrying charges on the marital residence and an interim counsel fee.

On appeal, the defendant correctly contends that there is no indication that the formulas set forth in Domestic Relations Law § 236 (B) (5-a) were intended to cover the temporary support needs of the nonmonied spouse, here the plaintiff, but not the carrying charges on a marital residence (*see Khaira v Khaira*, 93 AD3d 194, 200 [2012] ["No language in (Domestic Relations Law § 236 [B] [5-a]) . . . specifically addresses whether the statutory formulas are intended to include the portion of the carrying costs of their residence attributable to the nonmonied spouse and the children"]; *A.C. v D.R.*, 32 Misc 3d 293, 312 [2011]). Indeed, it is "reasonable and logical" to view the formulas set forth in Domestic Relations Law § 236 (B) (5-a) "as covering all the spouse's basic living expenses, including housing costs" (*Khaira v Khaira*, 93 AD3d at 200). Based on the record, it is possible that the Supreme Court was unaware that the temporary maintenance award was intended to cover all of the plaintiff's basic living expenses. Under the circumstances, that portion of the order dated July 15, 2011, directing the defendant to pay the plaintiff both temporary maintenance and 100% of certain carrying charges on the marital residence must be vacated, and the matter remitted to the Supreme Court, Suffolk County, for a new determination pursuant to Domestic Relations Law § 236 (B) (5-a) of those branches of the plaintiff's motion which were for pendente lite relief as to maintenance and payment of the carrying charges on the marital residence.

However, contrary to the defendant's contention, the Supreme Court, in performing the statutory calculations pursuant to Domestic Relations Law § 236 (B) (5-a), properly declined to impute income to the plaintiff.

In addition, the Supreme Court providently exercised its discretion in directing the defendant to pay the plaintiff an interim counsel fee (*see* Domestic Relations Law § 237 [a]; *Prichep v Prichep*, 52 AD3d 61 [2008]). Furthermore, the court properly denied that branch of the defendant's motion which

was, in effect, to vacate so much of the order dated July 15, 2011, as directed him to pay the plaintiff an interim counsel fee.

In light of our determination, we need not address the defendant's remaining contentions. Skelos, J.P., Florio, Leventhal and Hall, JJ., concur.