In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated May 10, 2012, as, without a hearing, granted the plaintiffs motion to modify the defendant’s visitation schedule with the children and for certain pendente lite relief.
Ordered that the order is affirmed insofar as appealed from, with costs.
*902 Generally, visitation should be determined after a full evidentiary hearing to determine the best interests of the child (see Matter of Burgess v Burgess, 99 AD3d 797, 798 [2012]), but a hearing may not be necessary when a court already has adequate relevant information permitting it to make that determination (see Matter of Cardona v Vantassel, 96 AD3d 1052, 1053 [2012]; Rosenberg v Rosenberg, 60 AD3d 658, 658 [2009]; cf. Matter of Burgess v Burgess, 99 AD3d at 798). Here, the Supreme Court possessed adequate relevant information to make its determination, in which it adopted the temporary visitation schedule proposed by the attorney for the children, without holding a hearing (see Rosenberg v Rosenberg, 60 AD3d at 658).
Furthermore, Domestic Relations Law § 236 (B) (5-a) sets forth the substantive and procedural requirements for an award of temporary maintenance, addressing both the amount and the duration of the temporary award (see Woodford v Woodford, 100 AD3d 875, 876-877 [2012]; Khaira v Khaira, 93 AD3d 194, 197-198 [2012]). First, the subdivision contains a formula the court must use to determine a “[g]uideline amount of temporary maintenance” (Domestic Relations Law § 236 [B] [5-a] [b] [6]; [c]). When the income of the payor spouse does not exceed the “[fincóme cap” (Domestic Relations Law § 236 [B] [5-a] [b] [5]), the initial calculation of the amount is straightforward (see Domestic Relations Law § 236 [B] [5-a] [c] [1]). When the income of the “payor spouse” exceeds the income cap, an additional step is necessary in this calculation of the guideline amount of temporary maintenance. Specifically, in determining whether and to what extent to apply the statutory formula to the payor spouse’s income in excess of the income cap, the court must consider 18 specific enumerated factors, as well as “any other factor which the court shall expressly find to be just and proper” (Domestic Relations Law § 236 [B] [5-a] [c] [2] [a] [xix]; Khaira v Khaira, 93 AD3d at 197-198). The court must explain its reasoning in writing (see Domestic Relations Law § 236 [B] [5-a] [c] [2] [b]). Once it has determined the guideline amount of temporary maintenance, the court must consider the length of the marriage to determine the “guideline duration of temporary maintenance” (see Domestic Relations Law § 236 [B] [5-a] [b] [7]; [d]). The guideline amount of temporary maintenance and guideline duration of temporary maintenance together establish a “presumptive award” (Domestic Relations Law § 236 [B] [5-a] [b] [6]).
The court may deviate from the presumptive award if that presumptive award is “unjust or inappropriate” (Domestic Re *903 lations Law § 236 [B] [5-a] [e] [2]). In determining whether to deviate, the court must consider a broad range of factors almost identical to those it must consider in determining whether and to what extent it will apply the statutory formula to the payor spouse’s income exceeding the income cap (compare Domestic Relations Law § 236 [B] [5-a] [c] [2] [a] [i]-[xix] with Domestic Relations Law § 236 [B] [5-a] [e] [1] [a]-[q]). Again, the court must explain the reasons for its decision in writing (see Domestic Relations Law § 236 [B] [5-a] [e] [2]).
Here, the Supreme Court performed the required calculations, but it did not proceed sequentially through the statutory procedure. Instead, upon its consideration of all the relevant statutory factors, which it explained at length, the court awarded temporary maintenance to the wife that was significantly in excess of the amount that would have been yielded solely by application of the statutory formula. Although it would have been better for the court to proceed sequentially in accordance with the statutory procedure (see e.g. H.K. v J.K., 32 Misc 3d 1226[A], 2011 NY Slip Op 51429[U] [2011]), the court’s award of temporary maintenance was “appropriately supported and explained” (Khaira v Khaira, 93 AD3d 194, 201 [2012]), and we decline to disturb it (cf. Woodford v Woodford, 100 AD3d 875, 877 [2012]).
Finally, in light of the significant disparity in the income of the parties, the award of an interim attorney’s fee to the plaintiff in the sum of $75,000 was appropriate (see Prichep v Prichep, 52 AD3d 61, 65 [2008]).
Balkin, J.E, Leventhal, Roman and Hinds-Radix, JJ., concur.