YEAL DAVYDOVA, Appellant, v NATHAN SASONOV, Respondent. [972 NYS2d 293]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Esposito, J.), dated August 21, 2012, as (1) granted that branch of her motion which was for pendente lite maintenance in the sum of $9,758.80 per month only to the extent of directing the defendant to pay the monthly mortgage on the marital residence plus $500 per month for electricity, all of her health and life insurance policies and unreimbursed medical costs, and her car lease payments and insurance, (2) granted that branch of her motion which was for pendente lite child support in the sum of $8,984.76 per month only to the extent of directing the defendant to pay her the sum of $2,500 per month, all health and life insurance policies and unreimbursed medical costs for the children, the children's private school tuition, and the cost of the children's other extracurricular activities, and (3) granted that branch of her motion which was for an award of an attorney's fee in the sum of $70,000 only to the extent of awarding her the sum of $15,000.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was for pendente lite maintenance in the sum of $9,758.80 per month to the extent of directing the defendant to pay the monthly mortgage on the marital residence plus $500 per month for electricity, all of the plaintiff's health and life insurance policies and unreimbursed medical costs, and the plaintiff's car lease payments and insurance, (2) by deleting the provision thereof granting that branch of the plaintiff's motion which was for pendente lite child support in the sum of $8,984.76 per month to the extent of directing the defendant to pay the

plaintiff the sum of $2,500 per month, all health and life insurance policies and unreimbursed medical costs for the children, the children's private school tuition, and the cost of the children's other extracurricular activities, and (3) by deleting the provision thereof granting that branch of the plaintiff's motion which was for an award of an attorney's fee in the sum of $70,000 to the extent of awarding the plaintiff the sum of $15,000, and substituting therefor a provision granting that branch of the plaintiff's motion to the extent of awarding her the sum of $45,000; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the plaintiff's pendente lite maintenance award and a new determination of the defendant's pendente lite child support obligation; in the interim, the defendant shall continue to pay the monthly mortgage on the marital residence plus $500 per month for electricity, and pendente lite child support in the sum of $2,500 per month.

Domestic Relations Law § 236 (B) (5-a) sets forth formulas for the courts to apply to the parties' reported income in order to determine the presumptively correct amount of temporary maintenance (*see Goncalves v Goncalves*, 105 AD3d 901, 902 [2013]; *Woodford v Woodford*, 100 AD3d 875, 876-877 [2012]). "In any decision made pursuant to [Domestic Relations Law § 236 (B) (5-a)], the court shall set forth the factors it considered and the reasons for its decision" (Domestic Relations Law § 236 [B] [5-a] [c] [2] [b]; *see Khaira v Khaira*, 93 AD3d 194, 201 [2012]). "[A] court may deviate from the presumptive award if that presumptive award is 'unjust or inappropriate' " (*Goncalves v Goncalves*, 105 AD3d at 902, quoting Domestic Relations Law § 236 [B] [5-a] [e] [2]). Under such circumstances the court must "set forth, in a written order, the amount of the unadjusted presumptive award of temporary maintenance, the factors it considered, and the reasons that the court adjusted the presumptive award of temporary maintenance" (Domestic Relations Law § 236 [B] [5-a] [e] [2]; *see Woodford v Woodford*, 100 AD3d at 876-877). Additionally, when a court is unable to perform the calculation established by Domestic Relations Law § 236 (B) (5-a) (c) as a result of being "presented with insufficient evidence to determine gross income, the court shall order the temporary maintenance award based upon the needs of the payee or the standard of living of the parties prior to commencement of the divorce action, whichever is greater" (Domestic Relations Law § 236 [B] [5-a] [g]).

Here, the Supreme Court failed to comply with the require-

ments of Domestic Relations Law § 236 (B) (5-a) when it determined the amount of temporary maintenance to be awarded to the wife (*see Khaira v Khaira*, 93 AD3d at 201; *see also Woodford v Woodford*, 100 AD3d at 876-877; *cf. Goncalves v Goncalves*, 105 AD3d at 902). Accordingly, under the circumstances of this case, we remit the matter to the Supreme Court, Queens County, for a recalculation of the plaintiff's pendente lite maintenance award in accordance with Domestic Relations Law § 236 (B) (5-a).

Furthermore, under the circumstances of this case, the Supreme Court's award of temporary child support also must be vacated. The Child Support Standards Act (hereinafter CSSA) provides the formulas to be applied to the parties' income and the factors to be considered in determining a *final* award of child support (*see* Domestic Relations Law § 240 [1-b]). "Courts considering applications for *pendente lite* child support may, in their discretion, apply the CSSA standards and guidelines, but they are not required to do so" (*Rubin v Della Salla*, 78 AD3d 504, 505 [2010] [emphasis added]; *see* Domestic Relations Law § 236 [B] [7]; *George v George*, 192 AD2d 693, 693 [1993]; *accord Maksoud v Maksoud*, 71 AD3d 643, 644 [2010]; *Otto v Otto*, 13 AD3d 503, 503 [2004]; *but see Meyer v Meyer*, 173 AD2d 1021, 1022 [1991]; *Quilty v Quilty*, 169 AD2d 979, 980 [1991]).

Accordingly, the determination of whether to apply the CSSA to an application for temporary child support is left to the provident exercise of the court's discretion (*see Ryder v Ryder*, 267 AD2d 447, 447 [1999]; *Ryan v Ryan*, 186 AD2d 245, 246 [1992]; *Asteinza v Asteinza*, 173 AD2d 515, 516 [1991]; *see also Anonymous v Anonymous*, 63 AD3d 493, 497 [2009]; *Rizzo v Rizzo*, 163 AD2d 15, 16 [1990]). However, under some circumstances, particularly where sufficient economic data is available, an award of temporary child support that deviates from the level that would result if the provisions of the CSSA were applied may constitute an improvident exercise of discretion, absent the existence of an adequate reason for the deviation (*see Kyriazis v Kyriazis*, 260 AD2d 447, 448 [1999]; *Ryder v Ryder*, 267 AD2d at 447; *see also Rizzo v Rizzo*, 163 AD2d at 16).

Here, the Supreme Court improvidently exercised its discretion in fixing the amount of pendente lite child support to be paid by the defendant (*see Kyriazis v Kyriazis*, 260 AD2d at 448; *Ryder v Ryder*, 267 AD2d at 447; *see also Ryan v Ryan*, 186 AD2d at 246; *Asteinza v Asteinza*, 173 AD2d at 516; *Rizzo v Rizzo*, 163 AD2d at 16; *cf. Anonymous v Anonymous*, 63 AD3d at 497). The court was presented with sufficient evidence

concerning the parties' respective incomes and assets, yet it did not provide any reason why it declined to perform the calculations or consider the factors enumerated in the CSSA, and it ultimately failed to provide any explanation as to how it determined the amount of the award. Accordingly, we remit the matter to the Supreme Court, Queens County, for a recalculation of the plaintiff's pendente lite child support award.

The Supreme Court also improvidently exercised its discretion in awarding the plaintiff an attorney's fee in the sum of only $15,000. Considering the parties' relative circumstances, including the disparity in the parties' respective incomes, and considering all of the relevant factors, an award of an attorney's fee in the sum of $45,000 is appropriate (*see* Domestic Relations Law § 237 [a]; *King v King*, 98 AD3d 1087, 1087-1088 [2012]). Dickerson, J.P., Roman, Miller and Hinds-Radix, JJ., concur.