■ REBECCA CHUSID, Respondent, v DANIEL SILVERA, Appellant. [972 NYS2d 625]—

In an action for a divorce and ancillary relief, the defendant

appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Janowitz, J.), dated December 12, 2012, as granted that branch of the plaintiff's motion which was for pendente lite relief to the extent of directing him to pay the plaintiff temporary maintenance in the sum of $11,735 per month commencing March 9, 2011.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing the defendant to pay the plaintiff temporary maintenance in the sum of $11,735 per month commencing March 9, 2011, and substituting therefor a provision directing the defendant to pay the plaintiff temporary maintenance in the sum of $9,157.45 per month commencing March 9, 2011; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Domestic Relations Law § 236 (B) (5-a) sets forth the substantive and procedural requirements for an award of temporary maintenance, addressing both the amount and the duration of the temporary award (*see Goncalves v Goncalves*, 105 AD3d 901, 902 [2013]; *Woodford v Woodford*, 100 AD3d 875, 876-877 [2012]; *Khaira v Khaira*, 93 AD3d 194, 197-198 [2012]). A court may deviate from the presumptive award of temporary maintenance if that presumptive award is "unjust or inappropriate" (Domestic Relations Law § 236 [B] [5-a] [e] [2]; *see Goncalves v Goncalves*, 105 AD3d at 902). In determining whether to deviate, the court must consider a broad range of factors (*see* Domestic Relations Law § 236 [B] [5-a] [e] [1] [a]-[q]).

In the order appealed from, the Supreme Court, inter alia, applied the statutory formulas in Domestic Relations Law § 236 (B) (5-a), determined that the "presumptive award" (Domestic Relations Law § 236 [B] [5-a] [b] [8]) of temporary maintenance to be paid to the plaintiff was $11,735 per month, and directed the defendant to pay the plaintiff that sum, per month, commencing March 9, 2011.

An appellate court should rarely modify a pendente lite award, and then " 'only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires' " (*Malik v Malik*, 66 AD3d 968, 968 [2009], quoting *Levakis v Levakis*, 7 AD3d 678, 678 [2004]; *see Renga v Renga*, 86 AD3d 634, 635 [2011]; *Silver v Silver*, 46 AD3d 667, 668 [2007]). Here, the presumptive award of temporary maintenance, plus the plaintiff's monthly income, exceeds the plaintiff's alleged monthly expenses by $2,577.55. As the presumptive award of temporary maintenance exceeds the plaintiff's alleged monthly expenses (*see Fox v Fox*, 290 AD2d 749, 750-752 [2002];

*Ritter v Ritter*, 135 AD2d 421, 424 [1987]), we conclude that justice requires a reduction of the award. Accordingly, we reduce the award of temporary maintenance to the extent indicated.

The defendant's remaining contentions are without merit. Rivera, J.P., Balkin, Leventhal and Cohen, JJ., concur.