■ JOYCE KAUFMAN, Appellant, v MICHAEL KAUFMAN, Respondent. [17 NYS3d 34]—

In an action for a divorce and ancillary relief, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Maron, J.), entered May 15, 2013, as (a) granted those branches of her motion which were for pendente lite maintenance and child support only to the extent of directing the defendant to pay the total sum of $4,000 per month for pendente lite maintenance and child support, (b) in effect, denied that branch of her motion which was to direct the defendant to pay, pendente lite, camp tuition and incidental camp expenses, country club fees and expenses, extracurricular activity expenses, tutoring and other education expenses, and religious instruction and temple membership expenses for the

parties' children, and (c) granted that branch of her motion which was for an interim counsel fee in the sum of $75,000 only to the extent of directing the defendant to pay the sum of $25,000 to her counsel.

Ordered that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, that branch of the plaintiff's motion which was for an interim counsel fee in the sum of $75,000 is granted, and the matter is remitted to the Supreme Court, Nassau County, (1) for a new determination of that branch of the plaintiff's motion which was for pendente lite maintenance in accordance with Domestic Relations Law § 236 (B) (5-a), or, if deviating from the presumptive amount of maintenance pursuant to Domestic Relations Law § 236 (B) (5-a), for consideration of the factors set forth in Domestic Relations Law § 236 (B) (5-a) (e) (1) and an explanation as to the reasons for the court's determination, and (2) for calculation of the defendant's pendente lite child support obligation pursuant to the Child Support Standards Act, and a new determination of that branch of the plaintiff's motion which was for pendente lite child support, and, should the court determine not to apply the Child Support Standards Act, an explanation as to why it declined to do so and its basis for that award; and it is further,

Ordered that, in the interim, the defendant shall continue to pay pendente lite maintenance and child support in the total sum of $4,000 per month and shall pay, pendente lite, camp tuition and incidental camp expenses, country club fees and expenses, extracurricular activity expenses, tutoring and other education expenses, and religious instruction and temple membership expenses for the parties' children; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Domestic Relations Law § 236 (B) (5-a) sets forth formulas for the courts to apply to the parties' reported income in order to determine the presumptively correct amount of temporary maintenance (*see Goncalves v Goncalves*, 105 AD3d 901, 902 [2013]; *Woodford v Woodford*, 100 AD3d 875, 876 [2012]). "In any decision made pursuant to [Domestic Relations Law § 236 (B) (5-a)], the court shall set forth the factors it considered and the reasons for its decision" (Domestic Relations Law § 236 [B] [5-a] [c] [2] [b]; *see Khaira v Khaira*, 93 AD3d 194, 201 [2012]). "[A] court may deviate from the presumptive award if that presumptive award is 'unjust or inappropriate' " (*Goncalves v Goncalves*, 105 AD3d at 902, quoting Domestic Relations Law § 236 [B] [5-a] [e] [2]). Under such circumstances, the court

must "set forth, in a written order, the amount of the unadjusted presumptive award of temporary maintenance, the factors it considered, and the reasons that the court adjusted the presumptive award of temporary maintenance" (Domestic Relations Law § 236 [B] [5-a] [e] [2]; *see Woodford v Woodford*, 100 AD3d at 876-877). Additionally, when a court is unable to perform the calculation established by Domestic Relations Law § 236 (B) (5-a) (c) as a result of being "presented with insufficient evidence to determine gross income, the court shall order the temporary maintenance award based upon the needs of the payee or the standard of living of the parties prior to commencement of the divorce action, whichever is greater" (Domestic Relations Law § 236 [B] [5-a] [g]).

Here, the plaintiff argues that, in calculating the presumptively correct amount of pendente lite maintenance, the Supreme Court improperly relied upon the defendant's unfiled 2011 K-1 statement and the affidavit of an employee of the defendant's law firm, improperly deducted alleged 2012 federal and state income taxes, and failed to include approximately $200,000 in perquisites that the defendant received from his law firm to establish the defendant's gross income. The plaintiff further argues that the court failed to set forth the factors it considered under Domestic Relations Law § 236 (B) (5-a) in fashioning the pendente lite award and failed to explain the reasons for its decision.

The Supreme Court determined that the defendant's adjusted gross income was $522,729. This amount was based upon gross annual income of $774,729, which was reflected in the defendant's 2011 K-1 statement, less federal and state taxes reported by the defendant. In his affidavit in opposition, the defendant admitted that he had not filed a tax return for 2011, but stated that this was because the plaintiff had unreasonably refused to execute same in order "to pigeon hole [him] into the most lucrative year [he] has ever financially realized, to wit: 2010." The plaintiff did not directly dispute the defendant's assertion in her reply affirmation, but, rather, questioned why the preparation of the 2011 tax return took so long and why the defendant declined to use the same accountant that he had used in prior years to prepare the return.

The Supreme Court was presented with insufficient evidence to make an accurate determination of the defendant's gross income in light of the defendant's allegation that the plaintiff had acted so as to skew the record in her favor by refusing to execute the parties' 2011 tax return, the inability to confirm the defendant's gross income with a duly filed tax return (*see*

*Wallach v Wallach*, 37 AD3d 707, 708 [2007]; *Bains v Bains*, 308 AD2d 557, 559 [2003]), the preparation of an affidavit regarding the defendant's earnings by the defendant's employee rather than an independent accountant, and the defendant's alleged drastic decrease in earnings at the time of the proceedings compared to his earnings in 2010. Accordingly, the pendente lite maintenance award should have been based on the needs of the payee or the standard of living of the parties prior to commencement of this action, whichever was greater (*see* Domestic Relations Law § 236 [B] [5-a] [g]). The court determined that the needs of the plaintiff and the parties' children were sufficiently covered by a pendente lite award of $4,000 per month for maintenance and child support. However, the record demonstrates that, prior to the commencement of this action, the parties enjoyed an affluent standard of living which included, among other things, numerous vacations, luxury automobiles, live-in domestic help, an expensive home, and expensive clothing. This lifestyle is not sustainable on $4,000 per month and, hence, the court's award should have been commensurate with the pre-commencement standard of living (*see Hartog v Hartog*, 85 NY2d 36, 50-51 [1995]; *Krigsman v Krigsman*, 288 AD2d 189 [2001]).

Moreover, the Supreme Court expressly determined not to award the presumptively correct amount of pendente lite maintenance to the plaintiff based on its conclusion that to do so would be "unjust and inappropriate." It stated that it would adjust the award "in consideration of the factors as enumerated in Domestic Relations Law § 236 (B) (5-a) (e) (1)[,] [s]pecifically, subsection (q) any other factor which the court shall expressly find to be just and proper." The court made its combined pendente lite award for spousal maintenance and child support "[i]n consideration of the expenses being paid b[y] [the defendant] directly as ordered herein below" and ultimately directed the defendant to pay all of the carrying charges related to the marital residence, as well as some other related expenses including, but not limited to, cell phones, cable TV, Internet service, gardening, tree maintenance, and swimming pool maintenance.

The only factor that the Supreme Court took into consideration was its direction that the defendant pay the carrying charges related to the marital residence and certain other expenses. The court failed to set forth any other factor that it considered in accordance with Domestic Relations Law § 236 (B) (5-a) (e) (1), and to the extent that the court considered only this one factor, it failed to provide its reasons for not

considering any other factor. The court also failed to explain how it determined that a pendente lite award of $4,000 per month, for both maintenance and child support, sufficiently covered the plaintiff's reasonable and necessary expenses, stating only that this sum was based upon review of the plaintiff's statement of net worth. However, the court did not indicate what it determined constituted the plaintiff's reasonable and necessary expenses.

Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a new determination of that branch of the plaintiff's motion which was for pendente lite maintenance in accordance with Domestic Relations Law § 236 (B) (5-a), or, if deviating from the presumptive amount of maintenance pursuant to Domestic Relations Law § 236 (B) (5-a), for consideration of the factors set forth in Domestic Relations Law § 236 (B) (5-a) (e) (1) and an explanation as to the reasons for the court's determination.

With respect to pendente lite child support, the Supreme Court neither calculated the presumptive amount of this award in accordance with the Child Support Standards Act (hereinafter the CSSA) nor explained the basis for its determination of this award. "The Child Support Standards Act . . . provides the formulas to be applied to the parties' income and the factors to be considered in determining a *final* award of child support. Courts considering applications for *pendente lite* child support may, in their discretion, apply the CSSA standards and guidelines, but they are not required to do so" (*Davydova v Sasonov*, 109 AD3d 955, 957 [2013] [internal quotation marks and citation omitted]). "Accordingly, the determination of whether to apply the CSSA to an application for temporary child support is left to the provident exercise of the court's discretion" (*id.* at 957). "If the formula is rejected, the statute directs that the court set forth, in a written order, the factors it considered—an unbending requirement that cannot be waived by either party or counsel" (*Matter of Cassano v Cassano*, 85 NY2d 649, 653-654 [1995] [internal quotation marks omitted]).

Here, the Supreme Court stated that, in awarding pendente lite child support, it considered the guidelines contained in the CSSA, as well as the factors which permitted a deviation from the standard calculation as delineated in Domestic Relations Law § 240 (1-b) (f), "such as the financial resources of the custodial and non-custodial parents and those of the children, the physical and emotional health of the children, and the children's educational or vocational needs and aptitudes, as well as any of the non-monetary contributions that the parents will

make toward the care and well-being of the children." The court did not provide any reason for declining to perform the calculation in accordance with the CSSA or consider the various factors enumerated in the CSSA, and it ultimately failed to provide any explanation as to how it determined the amount of the award. Other than the fact that the court had directed the defendant to pay the carrying charges related to the marital residence and certain other expenses (*see* Domestic Relations Law § 240 [1-b] [f] [10]), the court does not appear to have considered any factor in accordance with Domestic Relations Law § 240 (1-b) (f).

Furthermore, the pendente lite child support award was an improvident exercise of discretion in light of the children's prior standard of living and the great disparity between the parties' financial positions (*see Anonymous v Anonymous,* 63 AD3d 493, 497-498 [2009]). "The goal of child support is to continue the status quo pending the divorce and to satisfy the overwhelming need to maintain a sense of continuity in the children's lives" (*id.* at 498 [internal quotation marks omitted]). When considered in light of the plaintiff's responsibilities as the custodial parent of two teenagers who have been raised in comfortable accommodations and have been provided with expensive clothing, recreation, and education, the Supreme Court's award fails to provide the means to maintain the sense of continuity that a pendente lite award of child support is supposed to provide (*see Cron v Cron,* 8 AD3d 186, 187 [2004]).

Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a calculation of the defendant's pendente lite child support obligation pursuant to the CSSA and a new determination of that branch of the plaintiff's motion which was for pendente lite child support. Should the court determine not to apply the CSSA, the determination shall include an explanation as to why the court declined to do so and the basis for the new award.

Finally, "[a]n award of counsel fees pursuant to Domestic Relations Law § 237 (a) is a matter within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case" (*Prichep v Prichep,* 52 AD3d 61, 64 [2008] [internal quotation marks omitted]). "An award of interim counsel fees ensures that the nonmonied spouse will be able to litigate the action, and do so on equal footing with the monied spouse. Such an award is appropriate to prevent the more affluent spouse from wearing down or financially punishing the opposition by recalcitrance, or by prolonging the litigation" (*id.* at 65 [internal quotation marks

omitted]). "If the playing field were not leveled by an award of interim counsel fees, a wealthy [spouse] could obtain the services of highly paid (and presumably seasoned and superior) matrimonial counsel, while the indigent [spouse], essentially, would be relegated to counsel willing to take [his or] her case on a poverty basis" (*id.* [internal quotation marks omitted]). The Court of Appeals has recognized that "the realities of contentious matrimonial litigation require a regular infusion of funds" so as to prevent the accumulation of attorney's fees (*Frankel v Frankel*, 2 NY3d 601, 607 [2004]).

Here, the defendant contends that the litigation is not contentious and that there are very few issues to resolve. However, the record belies his contention. Furthermore, there remain issues surrounding the defendant's accurate gross income, including, but not limited to, the valuation of his law firm.

In light of the important public policy underlying Domestic Relations Law § 237 (a), an award of interim counsel fees to the nonmonied spouse generally will be warranted where there is a significant disparity in the financial circumstances of the parties (*see DelDuca v DelDuca*, 304 AD2d 610, 611 [2003]). Here, it is undisputed that there is a significant disparity between the financial circumstances of the parties, as the plaintiff is a homemaker who largely has been out of the workforce since the birth of the parties' first child and the defendant is a named partner in a national law firm. Therefore, the Supreme Court improvidently exercised its discretion in awarding the plaintiff an interim counsel fee in the sum of only $25,000. Considering the parties' relative circumstances, including the disparity in the parties' respective incomes, the already contentious nature of this matrimonial litigation, and the resulting likelihood that the litigation of this matter will be protracted, an award of an interim counsel fee in the sum of $75,000 is appropriate (*see Goncalves v Goncalves*, 105 AD3d at 903). Rivera, J.P., Dickerson, Chambers and Barros, JJ., concur.