Tomassetti v Tomassetti (2021 NY Slip Op 03075)





Tomassetti v Tomassetti


2021 NY Slip Op 03075


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-13893
 (Index No. 5786/17)

[*1]Kathleen F. Tomassetti, appellant, 
v
Dino Tomassetti, Jr., respondent.


Cohen Clair Lans Greifer Thorpe & Rottenstreich LLP, New York, NY (Robert S. Cohen, John O. Farley, and Shannon Rogers Simpson of counsel), for appellant.
Dobrish Michaels Gross LLP, New York, NY (Robert S. Michaels of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Margaret Parisi McGowan, J.), entered October 2, 2018. The order, insofar as appealed from, granted the plaintiff's motion for an award of additional interim counsel fees only to the extent of directing the defendant to pay the sum of $165,000 to the plaintiff's counsel.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the plaintiff's motion for an award of additional interim counsel fees only to the extent of directing the defendant to pay the sum of $165,000 to the plaintiff's counsel, and substituting therefor a provision granting the plaintiff's motion for an award of additional interim counsel fees to the extent of directing the defendant to pay the sum of $370,000 to the plaintiff's counsel; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
In 2017, the plaintiff commenced this action for a divorce and ancillary relief against the defendant. In April 2018, the Supreme Court awarded the plaintiff interim counsel fees in the sum of $200,000. In August 2018, the plaintiff filed a motion seeking additional interim counsel fees in the sum of $376,524. In an order entered October 2, 2018, the court granted the plaintiff's motion only to the extent of directing the defendant to pay the sum of $165,000 to the plaintiff's counsel. The plaintiff appeals.
"An award of counsel fees pursuant to Domestic Relations Law § 237(a) is a matter within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case" (Sufia v Khalique, 189 AD3d 1499, 1502 [internal quotation marks omitted]). "The purpose of an award of interim counsel fees is to ensure that the less monied spouse will be able to litigate the action on equal footing with the monied spouse" (Duval v Duval, 144 AD3d 739, 742-743). "There is a rebuttable presumption that interim counsel fees shall be awarded to the less monied spouse, and courts should normally exercise their discretion to grant such a request made by the nonmonied spouse, in the absence of good cause to deny the request" (Pezzollo v Pezzollo, 173 AD3d 918, 919 [citation and internal quotation marks omitted]). "[A]n award of [*2]interim counsel fees to the nonmonied spouse will generally be warranted where there is a significant disparity in the financial circumstances of the parties" (Prichep v Prichep, 52 AD3d 61, 65).
Here, the significant disparity between the financial circumstances of the defendant—a real estate investor and developer with considerable disposable income and a net worth approaching $200 million—and those of the plaintiff cannot seriously be disputed. Under the circumstances presented, the Supreme Court improvidently exercised its discretion in limiting, without good cause, the plaintiff's award of additional interim counsel fees to $165,000, which was far less than the amount of legal fees the plaintiff had already incurred. Exercising our discretionary authority, which is as broad as that of the Supreme Court (see Cohen v Cohen, 160 AD3d 804, 806), and considering all of the relevant factors, we find that an award of additional interim counsel fees in the sum of $370,000 is appropriate (see Pezzollo v Pezzollo, 173 AD3d at 919-920; Kaufman v Kaufman, 131 AD3d 939, 944-945; Prichep v Prichep, 52 AD3d at 66-67).
CHAMBERS, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court