■ BEATRICE CHARPENTIER, Respondent, v ALLYN R. CHARPENTIER, Appellant.—In a matrimonial action, defendant husband appeals from an order of the Supreme Court, Nassau County (Christ, J.), dated December 12, 1984, which, upon granting plaintiff wife's motion (1) stayed the trial pending further disclosure by him; (2) directed entry of a money judgment for support arrears of $5,400; and (3) directed defendant to post a security bond.

Order affirmed, with costs.

Special Term properly stayed the matrimonial trial pending completion of discovery. In a matrimonial action involving issues of equitable distribution of marital property, public policy clearly mandates full financial disclosure (see, Domestic Relations Law § 236 [B] [4]; Fox v Fox, 96 AD2d 571). Here defendant has failed to comply with repeated disclosure requests, and, therefore, discovery is incomplete. An action may not be placed on the calendar when a reasonable time to conduct and complete discovery proceedings has not elapsed (Carella v Carella, 97 AD2d 394).

Special Term also acted properly in directing judgment for support arrears of $5,400 and directing defendant to post a $10,000 bond as security for future payments.

The entry of judgment for arrears against a party defaulting in payments is appropriate "unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears" (Domestic Relations Law § 244; *Vigo v Vigo,* 97 AD2d 463). In the instant case it is undisputed that defendant failed to make any weekly maintenance and support payments and, inasmuch as he did not demonstrate good cause for his failure to make any application for relief from the support orders prior to the accrual of arrears, the court acted properly in awarding a money judgment in the sum of $5,400.

Furthermore, based on the circumstances of this case, the court acted within its discretion in directing defendant to post a bond to secure future support payments. Lazer, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.