■ GERALD HIRSCHFELD, Respondent, v KATHY HIRSCHFELD, Appellant.—In a matrimonial action, defendant wife appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated December 13, 1984, which granted plaintiff husband's motion for a protective order denying the submission of plaintiff for psychiatric examination, and denied defendant's cross motion (1) to compel the plaintiff to submit to a psychiatric examination by a physician designated by defendant; (2) to compel plaintiff to disclose the whereabouts of the infant Randy Adam Hirschfeld at certain specified times, and the identity and address of any adult to whom said child is entrusted; (3) to compel plaintiff to disclose any and all medical treatment and medication being received by said child; and (4) to preclude plaintiff from offering upon the trial of this action any evidence as to matters requested in a demand for a verified bill of particulars dated July 9, 1984.

Order modified by granting that branch of defendant's cross motion which is for a preclusion order unless plaintiff serves a bill of particulars responsive to the demand dated July 9, 1984. As so modified, order affirmed, without costs or disbursements, and plaintiff's time to serve the bill of particulars is extended until 30 days after service upon plaintiff by defendant of a copy of the order to be made hereon, with notice of entry.

Special Term improperly unconditionally denied that branch of defendant's cross motion which is for a preclusion order. Plaintiff neither moved for an order to vacate or modify the demand within the required 10 days (CPLR 3042 [a]) nor timely served the bill of particulars. The demand was therefore valid absent a showing that it was "palpably improper" (see, Gargano v Rosenthal, 100 AD2d 534), and plaintiff made no such showing.

The interrogatories in this case (which plaintiff has already responded to) were intended to secure financial disclosure from plaintiff, while a bill of particulars was sought for amplification of the pleadings. In light of the legislative intent

to permit "full disclosure of all evidence material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]), particularly in regard to the discovery of financial information in actions for divorce and equitable distribution (Domestic Relations Law § 236 [B] [4]; CPLR 3130 [2]; *see also, Van Ess v Van Ess,* 100 AD2d 848), we exercise our discretion to require plaintiff to serve a bill of particulars in addition to his responses to the interrogatories.

Special Term acted within its discretion in denying that branch of defendant's cross motion which requested further psychiatric investigation and evaluation of plaintiff (CPLR 3121) and granting plaintiff's motion for a protective order (CPLR 3103 [a]). The court has broad discretion to grant a protective order in a matrimonial action to guard against the potential for abuse of discovery *(Wegman v Wegman,* 37 NY2d 940). Here, in the absence of any showing on the part of defendant that the prior examinations were inadequate or deficient or that plaintiff's behavior was in conflict with the children's social, emotional, or moral welfare, Special Term properly denied this branch of defendant's cross motion *(see, Rosenblitt v Rosenblitt,* 107 AD2d 292).

Special Term also properly denied those branches of defendant's cross motion which sought to compel plaintiff to disclose the whereabouts of their child at certain specified times, the identity and address of any adult to whom the child is entrusted at these times, and any medical treatment and medication being received by the child. Defendant alleged no breach of the visitation agreement, and therefore raised no claim upon which Special Term could grant relief. Gibbons, Eiber and Kunzeman, JJ., concur.

Lazer, J. P., concurs, but with respect to the denial of that branch of defendant's cross motion which sought a psychiatric examination of plaintiff, concurs on constraint of *(Rosenblitt v Rosenblitt* (107 AD2d 292).