■ LUCILLE FAGELBAUM, Respondent, v JERALD FAGELBAUM,

Appellant.—In an action for divorce and related relief, defendant husband appeals, (1) as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Geiler, J.), dated May 14, 1985, as directed him (a) to pay plaintiff wife $300 weekly maintenance pendente lite, (b) to provide her exclusive use of a Mercedes automobile pendente lite, (c) to continue any existing life insurance and health insurance covering plaintiff and to otherwise pay for her health-related expenses pendente lite and (d) to pay her interim counsel fees in the sum of $1,500 within 30 days of service of the order, and (2) from a judgment of the same court, entered August 7, 1985, against him in the sum of $1,500 for arrears in counsel fees.

Order dated May 14, 1985 modified, as a matter of discretion, by reducing the temporary maintenance to $150 per week and deleting the provision awarding plaintiff exclusive use of the Mercedes automobile. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

Judgment entered August 7, 1985 affirmed, without costs or disbursements.

The standard applied to applications for pendente lite relief is whether the moving party is in genuine need of support in order to live in a reasonable fashion while the case is pending *(see, Jorgensen v Jorgensen,* 86 AD2d 861). This is no less so where, as here, there is an antenuptial agreement which makes no provision for maintenance *(cf.* Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, 1977-1984 Supp Pamph, Domestic Relations Law C236B:18, p 209). An examination of the record in this matter and the admitted income and liabilities of the parties leads us, in the exercise of our discretion, to conclude that the award of temporary maintenance made by Special Term is excessive and that the amount of $150 per week is more appropriate. This determination is, of course, to have no bearing on the ultimate determination of the rights of the parties. We also conclude that plaintiff has no need of the Mercedes automobile, since she does not deny having use of defendant's Omni. We modify the order accordingly. O'Connor, J. P., Weinstein, Niehoff and Eiber, JJ., concur.