■ Morris Rubenstein, Respondent, v Joan L. Rubenstein, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals from an order of the Supreme Court, Kings County (Imperato, R.), entered January 11, 1985, which denied her motion for an order finding the plaintiff husband in contempt of court, compelling compliance with a prior order of the same court (Duberstein, J.), dated August 12, 1983, and awarding her temporary maintenance, counsel fees and experts' fees.

Order modified by granting defendant's motion to the extent of directing plaintiff to comply with the remaining discovery provisions of the August 12, 1983, order, as well as the directive that the examination before trial of plaintiff be completed. The parties are further directed, following plaintiff's compliance with the aforesaid directive, to expeditiously prepare for trial and file a note of issue placing the matter on the Trial Calendar. As so modified, order affirmed, with costs to defendant. Plaintiff's time to comply with the remaining discovery provisions of the August 12, 1983, order is extended until 30 days after service upon him of a copy of the order to be made hereon, with notices of entry, or at such other time as the parties may agree. The continued examination before trial of the plaintiff shall be held on a date and at a place to be specified in a notice of not less than 10 days, to be given by defendant, or at such time and place as the parties may agree.

Plaintiff commenced the instant action for a divorce on the grounds of abandonment, constructive abandonment, adultery and cruel and inhuman treatment on or about June 29, 1982. Defendant counterclaimed for a divorce on the grounds of cruel and inhuman treatment and constructive abandonment and sought equitable distribution of the marital property. Motion practice thereafter abounded, including plaintiff's applications for an order striking defendant's counterclaims and her fifth affirmative defense and for a protective order with respect to defendant's notice to take his deposition and defendant's motion for an order of preclusion emanating from plaintiff's failure to serve a satisfactory bill of particulars. The parties' continued failure to cooperate with regard to pretrial disclosure necessitated judicial intervention resulting in court orders of December 16, 1982 and August 12, 1983. In these orders, defendant's applications for experts' fees, counsel fees and maintenance pendente lite were denied.

Defendant thereafter moved to hold plaintiff in contempt of court for his failure to abide by the terms of the August 12, 1983 order, to compel plaintiff to comply with said order and for an award of her experts' fees of $7,500, counsel fees and maintenance pendente lite. On or about November 30, 1983, the court referred all issues raised by that motion to a Special Referee to hear and determine. After a hearing and the submission of letters by the parties with regard to the afore-mentioned discovery order, the Special Referee, in a memorandum decision dated November 20, 1984,* denied defendant's motion and directed the parties to prepare for trial.

"It is eminently clear that compulsory financial disclosure is a fundamental prerequisite of equitable distribution" *(Reed v Reed,* 93 AD2d 105, 108). In the absence of necessary discovery, defendant is effectively barred from establishing the value of assets held by plaintiff which are subject to distribution. Inasmuch as plaintiff has neither complied with all the requirements pertaining to discovery and depositions contained in the order of August 12, 1983, nor filed a notice of appeal therefrom, he is bound to adhere to those terms. Accordingly, the Special Referee erred in failing to direct plaintiff's compliance therewith.

Defendant's applications for experts' fees, counsel fees and maintenance pendente lite were previously denied by Justice Duberstein. There was, on the instant application, no proof of any substantial change of circumstances or newly discovered evidence. Defendant's claim of having been discharged in bankruptcy in a Federal court in New Jersey is subject to dispute. Moreover, the Special Referee had before him the facts that defendant, some four or five months after institution of plaintiff's divorce action, sold her private plane to her mother for $1 and that defendant was earning approximately $500 per week. Under the circumstances, it cannot be said that denial of the requested fees and maintenance pendente lite was an abuse of discretion. Mangano, J. P., Weinstein, Rubin and Eiber, JJ., concur.

---

\* Defendant filed an anticipatory notice of appeal therefrom rather than from the subsequently entered order. Under CPLR 5520 (c) "the appellate court, in its discretion, when the interests of justice so demand, may treat such a notice as valid". The notice of appeal from the decision dated November 20, 1984 is hereby deemed a premature notice of appeal from the order entered January 11, 1985.