■ Bank of Babylon, Respondent, v Stephen Karp, Appellant. (And a Third-Party Action.)—In an action to recover moneys due under a motor vehicle lease agreement, the defendant appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated May 15, 1986, which granted the plaintiff's motion for summary judgment and denied his cross motion for an order of preclusion.

Ordered that the order is reversed, with costs, the plaintiff's motion is denied, and the defendant's cross motion for a preclusion order is granted unless the plaintiff serves a bill of

particulars responsive to the demand dated August 9, 1984, within 30 days after service upon it of a copy of this decision and order, with notice of entry.

We note that the "open-end purchase option" rider in the lease requires that the lessee shall return the vehicle to the lessor.

The absence of any language in the lease and assignment agreements specifying that the leased vehicle is to be returned to the lessor's assignee, coupled with the allegations of the defendant lessee concerning prior practices under similar leases assigned to the plaintiff, raise triable issues of fact as to whether the lessor Touchdown Auto Leasing, Inc. possessed the authority to accept the return of the vehicle *(see, Hallock v State of New York,* 64 NY2d 224, 231; *Bank v Rebold,* 69 AD2d 481, 492).

Further, the defendant's cross motion for an order of preclusion is conditionally granted with respect to his demand for a bill of particulars as the plaintiff neither moved for an order to vacate or modify the demand within the required 10 days nor timely served the bill of particulars *(see,* CPLR 3042 [a], [e]; *Hirschfeld v Hirschfeld,* 114 AD2d 1006, *affd* 69 NY2d 842; *Gargano v Rosenthal,* 100 AD2d 534). Bracken, J. P., Rubin, Eiber and Spatt, JJ., concur.