■ JOAN H. RICHTER, Respondent, v STEVEN J. RICHTER, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Burstein, J.), dated October 16, 1986, as (1) upon the plaintiff wife's motion awarded her, pendente lite, the sum of $3,000 per month as maintenance and $2,500 per month as child support, directed him to provide the plaintiff wife with the use of a 1984 Mercedes-Benz automobile, and preliminarily en-

joined him from transferring any of his assets, except for business purposes and for daily necessities of living, and (2) denied that branch of his cross motion which was to dismiss the plaintiff's third cause of action.

Ordered that the order is modified, by: (1) deleting the provision awarding the plaintiff use of a Mercedes-Benz automobile and substituting therefor a provision directing that the defendant continue to provide the plaintiff with the Dodge Aries automobile heretofore provided to her together with all related expenses; (2) adding to the provision awarding a preliminary injunction language that the defendant shall be allowed to transact stock trades within his brokerage accounts provided that the cash or proceeds of these transactions remains within the account; and (3) deleting the provision thereof denying that branch of the defendant's motion which was to dismiss the plaintiff's third cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the defendant's assertions, Special Term did not abuse its discretion in awarding the plaintiff wife $3,000 per month in maintenance and $2,500 per month in child support. As this court has recently observed, "[i]n determining the appropriate amount of a temporary maintenance award, the court must consider and accommodate the reasonable needs of the spouse seeking support and the financial ability of the other spouse to meet [these] needs" (Colin v Colin, 113 AD2d 817; see, Domestic Relations Law § 236 [B] [6]). The record herein reveals that the court gave due consideration to the plaintiff's needs as well as the defendant's ability to provide for those needs, insofar as the defendant's limited disclosure of his finances permitted (see, Isham v Isham, 123 AD2d 742, 743).

We note that the section of the defendant's net worth statement pertaining to the value of his assets was left blank and repeatedly labeled with the conclusory disclaimer that the plaintiff wife was in possession of all relevant financial records. No attempt was made by the defendant to distinguish between those assets whose valuation would depend on records and those which could be valued without records or through the use of alternative sources of information. Among those assets for which the defendant submitted no estimate of value at all were bank accounts, checking accounts, stocks, bonds, and all items of personal and real property, including the marital residence. The value of these assets was, of course,

easily ascertainable by the defendant. Furthermore, the defendant provided no estimate of the value of his interest in the allegedly lucrative electronics business which he owns and operates.

It is settled that "[i]n a matrimonial action involving issues of equitable distribution of marital property, public policy clearly mandates full financial disclosure" *(Charpentier v Charpentier,* 114 AD2d 923; *see,* Domestic Relations Law § 236 [B] [4]; *Rubenstein v Rubenstein,* 117 AD2d 593, 594; *Hirschfeld v Hirschfeld,* 114 AD2d 1006, *affd* 69 NY2d 842; *Van Ess v Van Ess,* 100 AD2d 848, 849; 22 NYCRR 202.16). The paucity of information provided herein, however, and the minimal efforts expended by the defendant in attempting to provide further documentation of his finances, clearly displays a lack of good faith. Accordingly, having himself failed to disclose information critical to the assessment of his net worth, the defendant is now in no position to complain that the court erred in drawing inferences favorable to the plaintiff with respect to the disputed financial issues involved *(see,* 22 NYCRR 202.16 [g] [4] [i]; *cf., Karnilaw v Karnilaw,* 110 AD2d 685).

We find, however, that Special Term's imposition of a blanket preliminary injunction with respect to the "transferring, assigning, selling or hypothecating" of any assets held by the defendant, except for business purposes and the necessities of daily living, is unduly restrictive insofar as it applies to the trading of securities held by the defendant and requires clarification. Since the brokerage accounts maintained by the defendant are speculative and volatile investments, such a restriction upon the transfer of securities may ultimately harm, rather than preserve, this asset *(see, Colin v Colin,* 113 AD2d 817, *supra; Monroe v Monroe,* 108 AD2d 793). Therefore, the injunction granted by Special Term should be modified so as to permit the defendant to transact business within the accounts, provided that the cash or proceeds of the transactions are retained therein and are available upon the equitable distribution of the property.

We further conclude that the plaintiff has no need of the 1984 Mercedes-Benz automobile leased by the defendant's corporation, as the defendant has provided her with a 1986 Dodge Aries *(see, Fagelbaum v Fagelbaum,* 115 AD2d 454, 455; *Matsuo v Matsuo,* 92 AD2d 710). Finally, with respect to the plaintiff's third cause of action for necessaries, the record reveals that the plaintiff has failed to assert that such expenses have been incurred. Accordingly, the court should have

granted that breach of the defendant's cross motion which was to dismiss this cause of action. Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.