**Prunty v Port Auth. of N.Y. & N.J.**

2024 NY Slip Op 32412(U)

July 12, 2024

Supreme Court, New York County

Docket Number: Index No. 157665/2016

Judge: Leslie A. Stroth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LESLIE A. STROTH**

*Justice*

-------------------------------------------------------------------------X

SEAN PRUNTY, JENNIFER PRUNTY,

Plaintiff,

- v -

THE PORT AUTHORITY OF NEW YORK AND NEW
JERSEY, 3 WTC PROPERTIES LLC, 3 WTC HOLDINGS
LLC, 3 WORLD TRADE CENTER LLC, SILVERSTEIN
PROPERTIES, INC., TISHMAN CONSTRUCTION
CORPORATION, TISHMAN CONSTRUCTION
CORPORATION OF NEW YORK, TISHMAN REALTY &
CONSTRUCTION CO., INC.,

Defendant.

-------------------------------------------------------------------------X

THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
3 WTC PROPERTIES LLC, 3 WTC HOLDINGS LLC, 3
WORLD TRADE CENTER LLC, SILVERSTEIN PROPERTIES,
INC., TISHMAN CONSTRUCTION CORPORATION OF NEW
YORK, TISHMAN REALTY & CONSTRUCTION CO., INC.,

Third-Party Plaintiff,

-against-

DOKA USA, LTD.,

Third-Party Defendant.

-------------------------------------------------------------------------X

DOKA USA, LTD.,

Fourth-Party Plaintiff,

- V -

ROGER & SONS CONCRETE, INC.,

Fourth-Party Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| PART | 12M |
| INDEX NO. | 157665/2016 |
| MOTION DATE | N/A, N/A |
| MOTION SEQ. NO. | 005 006 |

**AMENDED
DECISION + ORDER ON
MOTION**

Third-Party
Index No. 595578/2018

157665/2016   PRUNTY, SEAN vs. PORT AUTHORITY OF NEW
Motion No.  005 006

Page 1 of 10

The following e-filed documents, listed by NYSCEF document number (Motion 005) 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 252, 253, 254, 276, 281, 282, 283, 286, 287, 288, 300

were read on this motion to/for            JUDGMENT - SUMMARY       .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 277, 278, 279, 284, 285, 293, 294, 295, 296, 297, 298, 301

were read on this motion to/for           SUMMARY JUDGMENT(AFTER JOINDER    .

Plaintiff commenced this labor law action for injuries sustained on September 14, 2015 while he was using a Doka climbing system modeled "SKE100" to do his work on the subject construction site. The Doka system raises up and it allegedly runs on hydraulics from a generator to keep the system suspended until certain pins are inserted and the platform is locked into place. At the time of the accident, Mr. Prunty was employed as a laborer for Roger & Sons Concrete, Inc. at 3 World Trade Center, the latter having retained Tishman Construction as the general contractor. This Court held oral argument on February 27, 2024 on the instant applications, including on plaintiff's motion for summary judgment on its Labor Law 240(1) claim against 3 World Trade Center, LLC, Tishman Construction Corporation, and Tishman Construction Corporation of New York. Plaintiff's summary judgment motion was granted on Labor Law 240(1) claim for the reasons stated on the record. Decision was reserved on the remaining motions.[1] After review of

---

[1] The Court notes that during the February 27th hearing, counsel for plaintiff indicated a potential withdrawal of claims against certain parties, which could include defendant Port Authority. The Court issued its decision on NYSCEF granting summary judgment on plaintiff's 240(1) claims against the remaining parties. However, on February 29, 2024, plaintiff filed a Partial Stipulation of Discontinuance on NYSCEF as to defendants 3 WTC Properties LLC, 3 WTC Holdings LLC, and Silverstein Properties, Inc. The Court then amended its original decision to comport that stipulation on Motion #004 on March 12, 2024. On March 22, 2024, the Court issued its decision on Motions #005 and #006.

157665/2016   PRUNTY, SEAN vs. PORT AUTHORITY OF NEW
Motion No.  005 006

Page 2 of 10

[* 2]

the transcript from February 27, 2024, the Court is hereby amending its Decision and Order dated March 22, 2024 on the subject motions as indicated.

Third-Party defendant Doka USA moves here to dismiss the third-party complaint, as well as all crossclaims, and for summary judgment in connection with its fourth-party claims for contractual and common-law indemnification and contribution (Motion #005). The third-party complaint sets forth the following causes of action: 1) Negligent Manufacture, Design, and Failure to Warn; 2) Strict Liability; and 3) Negligent Maintenance, Supervision, and Repair. Defendants Port Authority of New York and New Jersey, 3 World Trade Center LLC, Tishman Construction Corporation of New York, and Tishman Realty & Construction Co., Inc. also seek summary judgment and the dismissal of the complaint and all crossclaims and counterclaims made against them (Motion #006).[2]

*    *    *

It is well-established that the "function of summary judgment is issue finding, not issue determination" (*Assaf v Ropog Cab Corp.*, 153 AD2d 520 (1st Dept 1989) (quoting *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957])). As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law (*Alvarez v Prospect Hospital*, 68 NY2d 320 (1986); *Winegrad v New York University Medical Center*, 64 NY2d 851 (1985)).

Once a party has submitted competent proof demonstrating that there is no substance to its opponent's claims and no disputed issues of fact, the opponent, in turn, is required to "lay bare [its] proof and come forward with some admissible proof that would require a trial of the material questions of fact on which [its] claims rest" (*Ferber v Sterndent Corp.*, 51 NY2d 782, 783 (1980)).

---

[2] Doka also filed a Cross-Motion to deny Motion #006 and for summary judgment dismissing defendants' Third-Party Complaint in its entirety.

**157665/2016 PRUNTY, SEAN vs. PORT AUTHORITY OF NEW**      **Page 3 of 10**
**Motion No. 005 006**

[* 3]

The party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted (*See Dauman Displays, Inc. v Masturzo*, 168 AD2d 204 (1st Dept 1990)).

The Court shall first address Doka's motion for summary judgment and dismissal of the claims for contractual and common-law indemnification and contribution. It is well-established that a party cannot be indemnified for their own negligence, and contractual indemnification clauses are to be enforced only when the "intention to indemnify can be clearly implied from the language and purpose of the entire agreement, and the surrounding facts and circumstances" (*See Masciotta v Morse Diesel Int'l, Inc.*, 303 AD23d 309 (1st Dept 2003), citing *Drzewinski v Atlantic Scaffold & Ladder Co.*, 70 NY2d 774 (1987); *see also Campos v 68 E. 86th St. Owners Corp.*, 117 AD2d 593 (1st Dept 2014)). As to common-law indemnification, the one seeking indemnity must prove "...not only that the proposed indemnitor's negligence contributed to the causation of the accident, but also that the party seeking indemnity was free from negligence" (*See Martins v Little 40 Worth Assoc., Inc.*, 72 AD3d 483, 484 (1st Dept 2010) (citation omitted)). Similarly, contribution is only available where tortfeasors combine to cause an injury (*Godoy v Alabaster of Miami*, 302 AD2d 57 (2d Dept 2003), lv dismissed 100 NY2d 614 (2003) (citations omitted)).

The Agreement between Doka and Roger & Sons demonstrates that Roger & Sons agreed to indemnify Doka and hold it harmless against damages incurred for claims arising from Roger & Sons negligence related to the use of Doka's product, "except where such claims arise or are caused by as a result of Doka USA's sole negligence" (Exh U, ¶7).

The Court observes the following from the "Doka Incident Report" written by Richard Barton, Senior Formwork Instructor with Doka, that creates an issue of fact as to whether Doka was negligent in designing the subject SKE100 system (Exh 21, p 2): "Had an accident on

**157665/2016  PRUNTY, SEAN vs. PORT AUTHORITY OF NEW**
**Motion No.  005 006**

**Page 4 of 10**

4 of 10

[* 4]

SKE100...it lowered on its own. Bobby didn't even touch the remote, really. It just came down... Claims the system lowered all by itself, bumped downward, not smooth, chattered downward."

The Doka Incident Report further indicates that when Mr. Barton inspected the hydraulic unit, he noted that "I went to the RL hydraulic unit. I opened the electrical access door. A sizzling egg sound was coming from inside and then the up and down actuators stated to actuate!" (Id.). Robert Gray, operator on the Doka system, testified that plaintiff was injured when it retracted (Exh 17, p 37).

Further, in the Affidavit of Michael Stichter, an engineer, he opined that "Doka failed to adequately warn workers of the pinch point hazards during the foreseeable and intended operation of the system, and this failure was a proximate cause of Prunty's incident" (Aff, ¶31). The Court also notes that Tiago Azevedo, a safety coordinator for Roger & Sons, responded "yes" when asked if the system "malfunctioned or failed because it did something other than what Mr. Gray intended it to do" (Exh H, p 69). Thus, Doka's motion for summary judgment for contractual and common-law indemnification and contribution is denied. The Court also denies Doka's motion to dismiss the third-party complaint since sufficient evidence was provided to indicate the existence of a potential defect in or maintenance of the SKE100 system that may have caused plaintiff's injuries.

Finally, the Court shall address the remaining defendants' motion for summary judgment and dismissal of the complaint and all crossclaims and counterclaims. For plaintiff to establish liability pursuant to Labor Law §241(6), a violation of the Industrial Code must be shown (*See e.g. Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 (1993) (holding that Labor Law §241(6) imposes a non-delegable duty upon owners and general contractors and their agents for violation of the statute). "Since an owner or general contractor's vicarious liability under section 241(6) is

**157665/2016  PRUNTY, SEAN vs. PORT AUTHORITY OF NEW**
**Motion No.  005 006**

**Page 5 of 10**

5 of 10

[* 5]

not dependent on its personal capability to prevent or cure a dangerous condition, the absence of actual or constructive notice sufficient to prevent or cure must also be irrelevant to the imposition of Labor Law §241(6) liability" (*Rizzuto v. L.A. Wenger Contracting Co.*, 91 N.Y.2d 343 (1998)).

Here, plaintiff's claim under Labor Law §241(6) is based on violation of 22 NYCRR §23-1.5(c)(3) and 22 NYCRR §23-9.2(a):

> §23-1.5(c)(3): Condition of equipment and safeguards. All safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged.
>
> §23-9.2(a) Maintenance. All power-operated equipment shall be maintained in good repair and in proper operating condition at all times. Sufficient inspections of adequate frequency shall be made of such equipment to insure such maintenance. Upon discovery, any structural defect or unsafe condition in such equipment shall be corrected by necessary repairs or replacement...

To prevail on a claim under Labor Law §241(6), plaintiff must demonstrate that his injuries were proximately caused by a violation of an Industrial Code provision (*See Ares v State*, 80 NY2d 959, 960 (1992)).

Antonio Gomes, foreman of Roger & Son, indicated in his deposition that there were no ladders or other devices for anyone to climb in order to insert the pins and that Mr. Prunty did not have a chance to insert the pins as the platform started moving by itself (Exh 22, p 45). Thane Szilagyi, the construction safety manager for Tishman, testified that a ladder or platform could be provided to a worker if they were going to insert a pin that was elevated and out of reach (Exh 10, p 131). The Court also notes that the Doka Incident Report documented an incoming voltage to be below the required 480V - - "With improper voltage feeding the machine the internal converter to 24V to feed the lights and switches, in laymans terms, gets confused" (Exh 18). After being questioned on the Doka system retracting while plaintiff attempted to install a pin, Mr. Gray stated it was "not supposed to do anything" (Exh 17, p 36-38). Given that plaintiff has provided sufficient evidence to support this cause of action, defendants Port Authority of New York and New Jersey,

**157665/2016  PRUNTY, SEAN vs. PORT AUTHORITY OF NEW**
**Motion No.  005 006**

Page 6 of 10

[* 6]

3 World Trade Center LLC, Tishman Construction Corporation of New York, and Tishman Realty & Construction Co., Inc's motion for summary judgment and dismissal as to plaintiff's Labor Law §241(6) cause of action based on violation of 22 NYCRR §23-1.5(c)(3) and 22 NYCRR §23-9.2(a) is denied.

Regarding Labor Law §200, this section codifies the common law duty of an owner to provide construction workers with a safe place to work (*See Comes v New York State Elec. and Gas Corp.*, 82 NY2d 876, 877 (1993)). Labor Law §200 and common law claims fall under two categories: "those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 133-144 (1st Dept 2012)). Under the first group, the owner had to have either created the condition or have actual or constructive notice of it (*Id* at 144). In the second category, the owner or general contractor is liable if "it actually exercised supervisory control over the injury-producing work" (*Id*).

Defendants argue that they did not exercise supervision or control over plaintiff's work, nor did they create or have notice of any hazards since Mr. Prunty's incident arose from equipment used in the means and methods of work with his employer Roger & Sons. According to Nicholas Pazich, Vice President for Silverstein Properties, 3 World Trade Center, LLC was never present at the Tower 3 site during construction prior to the subject accident (Aff, ¶4).

Tishman's safety manager Mr. Szilagyi stated that he did not have the authority to direct the work of subcontractors and that their means and methods were their own (Exh D, p 17-24). However, Mr. Szilagyi later testified to having "the authority to make sure and supervise that they were performing the work according to the guidelines required by Tishman" and that he "would walk the site, ensure that things were -- conditions were clean, conditions were safe, that workers

**157665/2016   PRUNTY, SEAN vs. PORT AUTHORITY OF NEW**
**Motion No.  005 006**

Page 7 of 10

7 of 10

[* 7]

were carrying on their work in a safe manner, that operations that I knew of were -- find out what was going on during the day so I could know exactly what they were doing" (*Id* at p 19). Mr. Szilagyi also indicated that the Construction Manager's responsibilities were to conduct a daily inspection to ensure compliance with safety requirements (Exh E, p 164).

Moreover, Doka Instructor Mr. Barton highlighted in his affidavit that "Mr. Sean Prunty was not designated by Roger & Sons and therefore did not train or become certified in the use of the Subject System at either the WTC Tower 3 or any other site prior to his accident" (Aff, ¶4). Thus, defendants' motion for summary judgment for Labor Law §200 and common law negligence is denied as to Tishman Construction Corporation of New York and Tishman Realty & Construction Co., Inc. However, the Court grants the motion for summary judgment on Labor Law §200 and common law negligence by Port Authority of New York and New Jersey and 3 World Trade Center LLC, since plaintiff failed to demonstrate that either of these two defendants exercised any supervisory control over Mr. Prunty's injury-producing work or had actual or constructive notice of or created the hazardous condition.

Finally, although the Court's prior decision granting summary judgment to plaintiff on Labor Law 240(1) presumes denial of defendants' cross-motions for summary judgment, for clarity's sake, the Court shall address defendant Port Authority's motion for summary judgment on Labor Law § 240(1) which states in pertinent part:

> All contractors and owners and their agents…in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

The statute imposes absolute liability upon owners, contractors, and their agents where a breach of this statutory duty proximately causes an injury (*See Gordon v Eastern Railway Supply, Inc.*,

**157665/2016   PRUNTY, SEAN vs. PORT AUTHORITY OF NEW**
**Motion No. 005 006**

Page 8 of 10

82 NY2d 555, 559 (1993); *Ross v Curtis–Palmer Hydro–Elec. Co.,* 81 NY2d 494, 500 (1993)); *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513 (1991). The First Department held that "[i]t is the responsibility of the contractor and owner - not the individual worker - to provide and place appropriate safety devices at the particular work site so as to give proper protection to a person so employed" (*Ramos v. Port Authority, of New York and New Jersey,* 306 A.D.2d 147 (1st Dept. 2003)). "Labor Law §240(1) imposes absolute liability on building owners, construction contractors and their agents with regard to elevation-related risks to workers at construction sites" (*Rodriguez v. Forest City Jay St. Assocs.,* 234 A.D.2d 68 (1st Dept 1996)).

The Court finds the subject incident to be gravity-related and is not persuaded by defendant Port Authority's argument that plaintiff was injured because of mechanical operation or failure. Antonio Gomes, foreman of Roger & Son, indicated in his deposition that plaintiff had to elevate himself and that there were no ladders or other devices for him or anyone for that matter to climb up to insert the pins (Exh. 22, p 45). He further stated that "when you elevate yourself, you have a handle, and with the other hand -- you [are] holding to a handle. The other hand will put the pin in. Once you put the pin in, you come down to the platform, you[r'e] away from the moving parts" (Id). In addition, Thane Szilagyi, a construction safety manager for Tishman, testified in his deposition that a ladder or platform could be provided to a worker if they were going to insert a pin that was elevated and out of reach (Exh 10, p 131), which was not done here. Therefore, defendant Port Authority's motion for summary judgment on Labor Law §240(1) is denied.

Accordingly, it is hereby

ORDERED, that third-party defendant Doka USA's motions to dismiss the third-party complaint in its entirety and all crossclaims, and for summary judgment in connection with its

**157665/2016  PRUNTY, SEAN vs. PORT AUTHORITY OF NEW**
**Motion No.  005 006**

Page 9 of 10

9 of 10

[* 9]

fourth-party claims for contractual and common-law indemnification and contribution is denied in its entirety (Motion #005 & Cross-Motion); and it is further

ORDERED, that defendants' motion for summary judgment and dismissal as to plaintiff's claim under Labor Law 241(6) and 240(1) is denied (Motion #006). However, summary judgment is granted as to defendants Port Authority and 3 World Trade Center LLC on Labor Law §200 and common law negligence. The Court further denies defendants' motion for common law indemnification and contribution, as well as their motion for dismissal of all crossclaims and counterclaims against them.

The foregoing constitutes the Decision and Order of the Court.

Dated: July 12, 2024

ENTER,

HON. LESLIE A. STROTH

**HON. LESLIE A. STROTH**
**J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157665/2016  PRUNTY, SEAN vs. PORT AUTHORITY OF NEW**
**Motion No.  005 006**

Page 10 of 10