AGV v WV (2024 NY Slip Op 51104(U))

[*1]

AGV v WV

2024 NY Slip Op 51104(U)

Decided on August 27, 2024

Supreme Court, Richmond County

Castorina, Jr., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 27, 2024
Supreme Court, Richmond County

AGV, Plaintiff,

against
WV, Defendant.

Index No. 50744/2017

Counsel for the Plaintiff:
Claire Cody Miller Esq. 1 Edgewater St Ste. 701
Staten Island, NY 10305 Phone: (718) 815-2003 E-mail: claire@clairecmiller.com
Counsel for Defendant:
Adelola Sheralynn Dow, Esq.
900 South Ave Ste 46
Staten Island, NY 10314 Phone: (347) 273-1285 E-mail: info@adelolalaw.com

Ronald Castorina, Jr., J.

I. Procedural Posture and Statement Pursuant to CPLR § 2219 [a]
This matter was scheduled for trial on May 22, 2024, June 4, 2024, and June 6, 2024, as to certain unresolved financial issues between the parties. On May 22, 2024, the court held an inquest after the parties were allocuted on a Stipulation of Settlement resolving all issues (except for Plaintiff's request for counsel fees). The parties submitted this issue for the court to decide, on May 22, 2024, with each party subsequently submitting their position on the issue, via affirmations and exhibits. The parties waived a hearing, trial, and oral argument on the issue, as the matter was extensively conferenced by the court, on and off the record, with counsel and the parties. Plaintiff is requesting counsel fees in the amount of $65,000.00. The following e-filed documents listed on NYSCEF numbered 160-166, 177-189, 192 were read on this issue.
II. Facts
Plaintiff AGV and Defendant WV were married on July 1, 1995. There are two children of the marriage both of whom are emancipated, to wit: AV, born XXX XX, 1998, and JV, born XXX XX, 2000. The Plaintiff commenced this action for divorce on or about August 25, 2017.
The matter proceeded at a lethargic pace and in early summer 2020 combusted in prolific motion practice. On June 15, 2020, Plaintiff filed Motion Sequence No. 001 by Order to Show Cause seeking $25,000.00 in interim counsel fees. Opposition and reply were filed on September 10, 2020 and September 14, 2020. In the Court's decision resolving Motion Sequence No. 001, Hon. Barbara Irolla Panepinto, held on September 29, 2020 that
It is clear that the Defendant is the monied spouse for the reasons set forth in the Plaintiff's application and pursuant to the relevant caselaw. Therefore, the Defendant is obligated to pay to the Plaintiff an award as and for pendente lite counsel fees in order for the Plaintiff to proceed with this matrimonial action.
After the Court's review of the documents and the proceedings had herein, including the billing records of the Plaintiff's attorney, this Court orders that the Defendant pay to the Plaintiff $20,000.[00] for interim counsel fees to proceed with this action. Defendant is to pay to the Plaintiff's attorney, as counsel, the amount of $20,000.[00]. (NY St Cts Filing [NYSCEF] Doc No. 27).
Prior to the resolution of Plaintiff's Motion Sequence No. 001, Plaintiff filed Motion Sequence No. 002, by Notice of Motion on August 24, 2020. Plaintiff filed this motion almost three years to the day of the commencement of action seeking:
(a) Directing each party to pay 50% of the portion of his or her pension benefits that accumulated during the marriage to the other party; and
(b) Directing the Defendant to pay spousal maintenance to the Plaintiff in accordance with the statutory guidelines; and
(c) Directing the Defendant to pay child support to the Plaintiff in accordance with the statutory guidelines; and
(d) Directing the Defendant to contribute, pro rata to all unreimbursed medical and educational expenses for the unemancipated child of the marriage[.] (NY St Cts Filing [NYSCEF] Doc No. 27).
Defendant filed opposition on September 10, 2020, and Plaintiff filed reply on September 14, 2024. In the resolving Motion Sequence No. 002 on its Order dated, February 23, 2021, the Court, Hon. Barbara Irolla Panepinto, held Granted Plaintiff's motion as followed:
(a) Effective February 1, 2021, Defendant Ordered to pay Plaintiff monthly $785.61 for her marital share of the Defendant's pension;
(b) Effective February 1, 2021, Defendant Ordered to pay Plaintiff monthly $1,134.12 for temporary spousal maintenance and continue to pay the bills for the marital premises that he had been paying;
(c) Plaintiff Ordered to continue pay the sewer and water rents for the marital premises;
(d) Effective February 1, 2021, Defendant Ordered to pay Plaintiff on the monthly $1,555.50 for temporary child support for the one unemancipated child; and
(e) Effective February 1, 2021, Defendant Ordered to pay 71% of statutory add-on's for the child, including the child's unreimbursed medical expenses, tuition and education expenses after deducting any scholarships. (NY St Cts Filing [NYSCEF] Doc No. 41).
A mere two months later, on March 29, 2021, the motion practice resumed with Plaintiff [*2]filing Motion Sequence No. 003 by Order to Show Cause seeking the prohibition of the report and testimony of Daniel Wolstein, Ph.D. at trial and counsel fees for the motion in the amount of $5,000.00. (NY St Cts Filing [NYSCEF] Doc No. 49). This motion was met with Defendant's Cross Motion Sequence No. 004 filed on April 12, 2021, which opposed Motion Sequence No. 003 and as well sought counsel fees in the amount of $5,000.00. (NY St Cts Filing [NYSCEF] Doc No. 49). Plaintiff filed opposition to Motion Sequence No. 004 and reply on Motion Sequence No. 003 on April 16, 2024. On April 19, 2021, Defendant waived reply on Motion Sequence No. 004 on the record and oral argument was conducted before Special Referee Dennis Owens. (NY St Cts Filing [NYSCEF] Doc No. 62).
On April 19, 2021, the Court, Special Referee Dennis Owens, held that in 2018 Plaintiff demanded discovery regarding any expert that defendant intended to call including production of any expert report. (NY St Cts Filing [NYSCEF] Doc No. 61 at page 47, lines 9-12). Defendant failed to produce the report prior to the filing of the note of issue and that the defendant has failed to set forth good cause as to why defendant waited approximately six months after receiving the expert report and approximately one month after the filing of the note of issue to produce the report. (see id at page 47, lines 13-20). The Court further held that "defendant's failure to produce the report until March 20, 2021, violated the provisions of CPLR § 3101 [g] and 22 NYCRR 202.16 [g] sub [1] requiring timely production of the report." (see id at page 47, lines 21-24).
Defendant was precluded from using the report or the testimony of Dr. Wolstein at trial. (see id at page 48, lines 8-12). Plaintiff was denied counsel fees due to Plaintiff's failure to submit a copy of counsel's billing record. (see id at page 48, lines 13-15). Cross Motion Sequence No. 004 was denied in its entirety. (see id at page 48, lines 20-21).
In less than a month, on May 14, 2024, motion practice resumed when Defendant filed Motion Sequence No. 005 by Notice of Motion seeking to reargue Motion Sequence No. 003. On May 26, 2021, Defendant filed a Notice of Appeal of the transcript of the proceedings on April 19, 2021 resolving Motion Sequence No. 003 and Motion Sequence No. 004 and "So Ordered" on April 28, 2021.
Opposition was filed on Motion Sequence No. 005 on June 10, 2024, and reply on June 24, 2021. The Court, Special Referee Dennis Owens, denied Motion Sequence No. 005 on June 25, 2021. (NY St Cts Filing [NYSCEF] Doc No. 92).
Within a week, on June 30, 2024, Defendant filed Motion Sequence No. 006 seeking a stay, pending the appeal of the Court's Order dated April 28, 2021, precluding the testimony and report of Dr. Dan Wolstein. Plaintiff filed opposition on July 23, 2021, and reply was filed on August 7, 2021. Motion Sequence No. 006 was withdrawn by Defendant on consent on September 14, 2021.
On May 20, 2022, Plaintiff filed Motion Sequence No. 007 by Notice of Motion seeking $65,000.00 in interim counsel fees. Opposition and reply were filed on June 14, 2022, and June 21, 2022. Motion Sequence No. 007 was resolved on consent of the parties and Plaintiff was awarded $30,000.00 in counsel fees, pendente lite, and subject to reallocation at trial and without prejudice to renew.
On August 30, 2023, the Appellate Division, Second Judicial Department, reversed the preclusion order of the Supreme Court, Special Referee Dennis Owens, dated April 19, 2021. (NY St Cts Filing [NYSCEF] Doc No. 92).
Plaintiff filed Motion Sequence No. 008 on April 25, 2024, seeking a finding of [*3]contempt, payment to Plaintiff of one-half funds allegedly withdrawn from accounts in violation of automatic orders, sanctions, and $75,000.00 in additional counsel fees, pendente lite.
On May 22, 2024, parties Motion Sequence No. 008 was withdrawn, parties entered a stipulation of settlement resolving all issues except counsel fees, and an inquest was completed. (NY St Cts Filing [NYSCEF] Doc No. 172). Parties agreed to have the sole remaining issue of counsel fees decided on submission as all other issues were resolved, however, on June 21, 2024, Plaintiff filed Motion Sequence No. 009 seeking an award of counsel fees in the amount of $65,000.00. Opposition was filed on July 17, 2024. and reply on July 24, 2024. On August 8, 2024, Parties submitted a stipulation waiving oral argument.
The parties now seek a judicial determination as to the amount counsel fees to be awarded to the Plaintiff. 
III. Discussion
Plaintiff seeks an award of counsel fees in the amount of $65,000.00 [SIXTY-FIVE THOUSAND DOLLARS AND NO CENTS] contending that the Defendant is the monied spouse and should be required to pay the counsel fees incurred in connection with this matter. Plaintiff further contends that the Defendant's litigation tactics combined with Defendant's assertion and maintenance of unreasonable positions throughout the litigation caused Plaintiff to incur excessive counsel fees and costs that Defendant should be required to pay.
Defendant contends that considering the equitable distribution agreement reached in the parties' stipulation of settlement, Defendant is no longer the monied spouse and the Plaintiff's income is significantly similar to the Defendant. Defendant further contends that he did not engage in obstructionist tactics and instead it was the Plaintiff tactics that prolonged and exacerbated the litigation. Defendant alleges that Plaintiff's billing does not comply with ethical mandates.
Pursuant to Domestic Relations Law § 237 [a], "There shall be a rebuttable presumption that counsel fees shall be awarded to the less monied spouse. In exercising the court's discretion, the court shall seek to assure that each party shall be adequately represented and that where fees and expenses are to be awarded." "An award of reasonable counsel fees in a matrimonial action is a matter within the discretion of the trial court[.]" (see Guzzo v Guzzo, 110 AD3d 765 [2d Dept 2013] citing Domestic Relations Law § 237; De Cabrera v. Cabrera-Rosete, 70 NY2d 879 [1987]; Quinn v Quinn, 73 AD3d 887 [2d Dept 2010]).
"For matrimonial actions such as this one, commenced on or after October 12, 2010, there is a statutory 'rebuttable presumption that counsel fees shall be awarded to the less monied spouse[.]'" (see Weidman v Weidman, 162 AD3d 720 [2d Dept 2018] quoting Domestic Relations Law § 237 [a]; citing Teaney v. Teaney, 138 AD3d 1301 [3rd Dept 2016]; Vantine v Vantine, 125 AD3d 1259 [3rd Dept 2018]). "[I]n exercising its discretionary power to award counsel fees, a court should review the financial circumstances of both parties together with all the other circumstances of the case[.]" (see id quoting De Cabrera v Cabrera-Rosete, 70 NY2d 879 [1987]).
"In addition, the court may 'take into account whether one party has delayed the proceedings or engaged in unnecessary litigation[.]'" (see Margolis v Cohen, 153 AD3d 1390 [2d Dept 2017] quoting Mueller v Mueller, 113 AD3d 660 [2d Dept 2014]; citing Guzzo v Guzzo, 110 AD3d 765 [2d Dept 2013]). "Given the statutory background and the unswerving direction of the decisional law over the last century and a half, we further hold that the court had discretion to grant counsel fees[.] This is not to say that awards for legal services . . . should be [*4]routinely expected or freely granted [.] Again, it is a matter of discretion, to be exercised in appropriate cases, to further the objectives of litigational parity, and to prevent the more affluent spouse from wearing down or financially punishing the opposition by recalcitrance, or by prolonging the litigation[.]" (see O'Shea v O'Shea, 93 NY2d 187 [1999] citing Wyser-Pratte v Wyser-Pratte, 160 AD2d 290 [1st Dept 1990]).
"Where a party has asserted unreasonable positions or failed to cooperate in discovery, and thereby increased the cost of the litigation, the court may make a counsel fee award in favor of the offended party or not make, or make a lesser award, in favor of the offending party" (see Kaufman v Kaufman, 189 AD3d 31 [2d Dept 2020] citing Morille-Hinds v Hinds, 169 AD3d 896 [2d Dept 2019]; Cravo v Diegel, 163 AD3d 920 [2d Dept 2018]; Culen v Culen, 157 AD3d 926 [2d Dept 2018]; Samimi v Samimi, 134 AD3d 1010 [2d Dept 2015]).
In exercising its discretionary power to award counsel fees, the court has reviewed the financial circumstances of both parties together with all the other circumstances of the case, including the relative merit of the parties' positions, as well as the tactics of the Defendant in unnecessarily prolonging the litigation. (see Franco v Franco, 97 AD3d 785 [2d Dept 2012]; citing De Cabrera v Cabrera-Rosete, 70 NY2d 879 [1987]; Powers v Wilson, 56 AD3d 639 [2d Dept 2008]; Prichep v Prichep, 52 AD3d 61 [2d Dept 2008]).
Despite the parties' ability to ultimately reach a stipulation of settlement resolving all issues of their matrimonial action, but for counsel fees, Motion Sequence No. 009 is emblematic of this proceeding. The stubbornness of the parties in refusing to reach for consensus and instead reach right for motion practice has unnecessarily protracted this proceeding to the tune of seven years and engorged the expense involved by tens of thousands of dollars that would have been better spent by the parties on their needs as well as those of their children.
In reviewing the long history of this matter in the Court's NYSCEF file, the evidence clearly demonstrates that both parties have thrown up roadblocks to settlements and engaged in voluminous motion practice. The tactics and strategies of both parties have equally and unnecessarily prolonged and exacerbated this litigation. The issue of counsel fees rests solely as a determination based on which party is the monied spouse post-equitable distribution.
The value of each party's assets as calculated following equitable distribution is as follows:

Value of Assets Retained by Plaintiff

Value of Assets Retained by Defendant

Former Marital Residence - Net Proceeds Received [FN1]

$411,712.27

$55,600.86

[*5]Plaintiff's separate property claim for net equity in home at time Defendant was added to title [FN2]

$95,000.00

Paid to Plaintiff from net proceeds of sale to offset difference in accounts retained by each party[2]

$291,111.41

Defendant's separate property for VCF award[2]

$90,000.00

Marital portion of Defendant's pension will be distributed via QDRO[2]

Distributed via QDRO

Distributed via QDRO

Marital Portion of Defendant's Deferred Compensation Plan distributed via QDRO[2]

Distributed via QDRO

Offset against other accounts 

 and balance distributed via QDRO

Marital Portion of Plaintiff's NYPD Pension[2]

Distributed via QDRO

Distributed via QDRO

Marital Portion of Plaintiff's Deferred Compensation[2]

Offset against Other Accounts

Marital Portion of Plaintiff's NYC PBA Annuity Fund[2]

Offset against Other Accounts

Plaintiff's National Integrity Annuity[2]

Offset against Other Accounts

Plaintiff's TD Ameritrade/Scottrade ROTH IRA[2]

Offset against Other Accounts

Plaintiff's US Life ROTH IRA[2]

Offset against Other Accounts

[*6]Defendant's DEA Annuity[2]

Offset against Other Accounts

Defendant's National Integrity Annuity[2]

Offset against Other Accounts

Defendant's Scottrade IRA #3326[2]

Offset against Other Accounts

Defendant's Scottrade Account
  (TD Ameritrade) #3325[2]

Offset against Other Accounts

American General Life Account 2NZ67901[2]

Offset against Other Accounts

Richmond County Savings Bank checking account #7468 titled in joint names had a balance of $50,873.91 as of the date of commencement of the action for divorce.[2]

$8,102.57

Chase checking account #4747 titled in joint names. Funds spent for living expenses during pendency of action therefore parties agreed not to include date of commencement value in calculations for distribution[2]

$0.00

$0.00

Chase checking account #5236 titled in Plaintiff's name[2]

$749.68

Chase checking account #2839 titled in Defendant's name[2]

$85,474.60

[*7]TD Bank checking account #7386 titled in Defendant's name[2]

$40,343.24

TD Bank savings account #5824 titled in Defendant's name[2]

$221,782.54

Northfield Bank savings account #2399 titled in Defendant's name[2]

$207,821.44

Proceeds of sale of 2008 

 Chevrolet Tahoe - Estimated [FN3]

$6,857.00

Proceeds of sale of 2000
  Chevrolet Corvette - Estimated[3]

$18,000.00

Total Value of Assets Retained (in addition to assets equally distributed via QDRO):

$798,573.36

$733,982.25

It is settled that '[in] a matrimonial action involving issues of equitable distribution of marital property, public policy clearly mandates full financial disclosure'" (see Richter v Richter, 131 AD2d 453 [2d Dept 2022], quoting Charpentier v Charpentier, 495 NYS2d 89 [2d Dept 1985], citing Domestic Relations Law § 236 [B] [4]; Rubenstein v Rubenstein, 117 AD2d 593 [2d Dept 1986]; Hirschfeld v Hirschfeld, 114 AD2d 1006 [2d Dept 1985], affd 69 NY2d 842 [1987]; Van Ess v Van Ess, 100 AD2d 848 [2d Dept 1984]; 22 NYCRR § 202.16.
Plaintiff did not submit an updated statement of net worth but did provide as exhibit 1 a copy of Plaintiff's statement of net worth dated February 26, 2024. (NY St Cts Filing [NYSCEF] Doc No. 163). Plaintiff alleges in her sworn statement of net worth that her annual income is $23,036.76, consisting of monthly spousal support, since February 1, 2021, in the amount of $1,134.12 and a monthly disbursement from Defendant's pension in the amount of $785.61. (see id). Annexed to Plaintiff's statement of net worth is Plaintiff's 2022 1099 from the Police Pension Fund indicating a disbursement of $15,941.32 and her 2022 1040 United States Tax Return indicating Plaintiff's total income for 2022 was $84,258.00. (see id). Plaintiff also provided her 2022 New York State Income Tax Return, which also reported an adjusted gross income in the [*8]amount of $84,258.00. (see id).
Plaintiff further provided her 2020 United States Income Tax Return and 2020 New York State Tax Return, both reporting Plaintiff's total gross income of $15,465.00. (see id). Plaintiff did not provide with her statement of net worth any tax related documentation as pertaining to the most recent tax year 2023.
"The court may impute income to a party based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives" (see Tuchman v Tuchman, 201 AD3d 986 [2d Dept 2022] quoting Duffy v Duffy, 84 AD3d 1151 [2d Dept 2011]; citing Matter of Rohme v Burns, 92 AD3d 946 [2d Dept 2012]; Wesche v Wesche, 77 AD3d 921 [2d Dept 2010]).
"The court has considerable discretion in determining whether income should be imputed to a party and the court's credibility determinations are accorded deference on appeal" (see id quoting Matter of Monti v DiBedendetto, 151 AD3d 864 [2d Dept 2017]; citing Matter of Kiernan v Martin, 108 AD3d 767 [2d Dept 2013]).
Plaintiff's failure to provide an updated statement of net worth and failure to provide the Plaintiff's most recent tax returns, assuming they were available, is not fatal to Plaintiff's motion, however, it is within the Court's discretion to determine the effect of these documents not being provided. (see Nieves-Iglesias v Iglesias, 186 AD3d 1234 [2d Dept 2020]).
Plaintiff has provided no documentary evidence that supports the amount of income she reports in her statement of net of net worth. (NY St Cts Filing [NYSCEF] Doc No. 163). Plaintiff has provided no tax returns from 2023, no 1099 reports from 2023, and no 2023 financial documentation of any kind to support the amount claimed in the statement of net worth provided. (see id). The documentation that was provided by the Plaintiff in the form of tax returns from 2022 indicate gross income in the amount of $84,258.00. Accordingly, the Court imputes an annual income to the Plaintiff in the amount of $84,000.00.
Defendant provided an updated statement of net worth dated July 12, 2024. (NY St Cts Filing [NYSCEF] Doc No. 182). Defendant reports in his statement of net worth a total income of $145,197.00, consisting of Social Security benefits and pension retirement benefits. (see id). Defendant's annexed 2023 United States Tax Return and 2023 New York State Tax Return reflects an additional $4,092.00 earned in the form of taxable interest and dividends. Accordingly, the Court imputes an annual income to the Defendant in the amount of $150,000.00.
In exercising its discretionary power to award counsel fees, the court has reviewed the financial circumstances of both parties together with all the other circumstances of this case, including the equitable distribution of the parties' assets as agreed upon by the parties in their stipulation of settlement.
IV. Conclusion
Therefore, and based upon the foregoing, the billing statements provided by Plaintiff (NY St Cts Filing [NYSCEF] Doc No. 166), the amounts previously awarded to the Plaintiff as counsel fees, pendente lite, the length of the proceedings, and Claire Cody Miller, Esq.'s hourly rate, this Court finds the Plaintiff to be the less monied spouse and it reasonable to this court under the circumstances for the Plaintiff, as the less monied spouse, to receive counsel fees from the Defendant in the sum of $12,500.00 [TWELVE THOUSAND FIVE HUNDRED DOLLARS NO CENTS].
V. Decretal Paragraphs
Therefore, it is hereby ORDERED, that Defendant pay Plaintiff's counsel fees directly to Plaintiff's counsel, CLAIRE CODY MILLER, ESQ., in the amount of $12,500.00 [TWELVE THOUSAND FIVE HUNDRED DOLLARS NO CENTS], within 30 days.
ORDERED, that the clerk of the court shall enter judgment accordingly, and it is further;
ORDERED, that a copy of this Decision and Order Regarding Counsel Fees with Notice of Entry must be served on Defendant and Defendant's counsel within twenty (20) days of the date hereof.
This shall constitute the Decision and Order of the court. 
Dated: August 27, 2024
Staten Island, New York
E N T E R,
HON. RONALD CASTORINA, JR. JUSTICE OF THE SUPREME COURT

Footnotes

Footnote 1:(NY St Cts Filing [NYSCEF] Doc No. 178; 180; 189).

Footnote 2:(NY St Cts Filing [NYSCEF] Doc No. 188).

Footnote 3:As no amount disclosed estimate obtained from Kelley Blue Book https://www.kbb.com/